# Toledo, Wabash and Western Railway Company

## *v.*

# Harvey Beggs.

1. PLEA TO THE JURISDICTION—*amended declaration.* After a defendant has pleaded the general issue to the original declaration, and the declaration is amended, but not so as to make a new or different case, the defendant will not have the right to plead specially to the jurisdiction of the court.

2. RECEIVER—*appointment of, will have no effect on pending suits.* The appointment of a receiver for a railway corporation, placing the road, etc., under his control, furnishes no ground for the continuance of a suit regularly brought against the corporation prior to such adjudication. Putting the property of the corporation into the hands of a receiver will not abate, continue or bar such pending action.

3. VARIANCE—*proof of cause of action not in pleadings.* In case, against a railway company, to recover for a personal injury alleged to have been produced by a defective wheel, defective ties, and the unskillfulness of the company's servants, it is error to permit the plaintiff to introduce evidence tending to show the accident was caused by the high rate of speed the train was run.

4. NEGLIGENCE—*breaking of wheel.* Where an injury to a passenger on a railroad train is the result of the breaking of a wheel to the coach, and it appears that such wheel was made by one of the most skillful manufacturers, and had previously been thoroughly tested by skillful and experienced men and no defects perceived, and such a wheel is in extensive use, the company will not be liable for negligence; nor will the company be liable in such case for defects in a rail, which do not contribute to the injury.

5. SAME—*presumed from breaking of car wheel.* Where a car wheel, while in operation, breaks, and thereby a passenger is injured, negligence in the company will be presumed, but this may be rebutted by the company.

6. RAILROAD—*liability to a passenger who is guilty of a fraud.* A party traveling in a railroad coach on a free pass issued to a different person, which is not transferable, and passing himself as the person therein named, is guilty of such fraud as to bar his right to recover for a personal injury, except for gross negligence on the part of the company amounting to willful injury.

7. SAME—*liability when passenger has a free pass.* If a passenger on a railway train, while riding under a free ticket containing the usual restric-

tions, is injured by an accident, he can not hold the company liable except for gross negligence, or a degree of negligence having the character of recklessness.

Writ of Error to the Circuit Court of Menard county; the Hon. Lyman Lacey, Judge, presiding.

Messrs. Dummer & Brown, for the plaintiffs in error.

Messrs. Morrison, Whitlock & Lippincott, for the defendant in error.

Mr. Justice Breese delivered the opinion of the Court:

This was case, for personal injuries, brought to the Morgan circuit court and taken by change of venue to the county of Menard, and there tried by a jury, on the general issue. There was a verdict for the plaintiff, which the court refused to set aside and rendered judgment on the verdict, to reverse which the defendants bring the record here by writ of error.

The defendants were sued as a railroad incorporation, and the plaintiff, in his original declaration, alleged they were common carriers, and in duty bound to provide suitable and safe cars and engines, and to employ safe, careful and competent agents and servants to conduct their trains. It then avers, on a certain day in October, 1873, the plaintiff got upon the train of these defendants, he then having a ticket issued by the defendants, for his transportation from Hannibal to Jacksonville, and it was the duty of defendants safely to transport him accordingly, and to furnish for his transportation safe and suitable cars, and careful and competent agents and servants to conduct them. It is then averred, that defendants negligently and carelessly put into said train of cars a certain caboose, in which plaintiff was placed, having a cracked and broken wheel, and placed in charge of negligent, careless, reckless and incompetent servants, by means of which the car on which defendant was, by reason of the defective and broken wheel so carelessly used, was thrown from the track and overturned, and plaintiff thereby greatly injured.

There was a plea of not guilty, and issue joined.

6—85th Ill.

At a subsequent term there was an amended declaration filed, not differing substantially from the original, except more particularly alleging the duty to provide safe, sure and well constructed . and sound railroad bed and track, and sure and safe cross-ties; averring defendants did not furnish safe, sound and well constructed railroad wheels, road-bed and cross-ties, but the rails were badly constructed and the ties rotten, by reason of which, etc.

It would appear from the transcript before us, there was a general demurrer to the original declaration, but as a plea in bar was subsequently filed, the demurrer was waived.

Defendants below, after the issue had been made up, and the amended declaration filed, put in a plea to the jurisdiction of the court, alleging that the supposed cause of action accrued in Pike county, and not in Morgan county, nor in the county of Menard, and defendants' principal office was at Springfield, in Sangamon county, and not in Morgan county or elsewhere.

This plea, on motion of plaintiff, was stricken from the files, and this is the first error alleged.

We think there was no error in striking this plea from the files. The amended declaration did not make a new or different case from that set out in the original declaration, to which the general issue had been pleaded and issue made up. There was then on file a plea to the merits, which admitted jurisdiction, and it was too late to plead specially to the jurisdiction.

The next point made is, the refusal of the court to continue the cause on suggestion and affidavit that this railroad, by the adjudication of the Vermilion circuit court, had been placed under the control of a receiver.

We are not of opinion this was ground for a continuance. The suit was regularly brought against the corporation prior to this adjudication, and it had not the effect to abate or continue an existing cause of action already in suit. We do not think the mere fact, that the property of a railroad corporation has passed into the hands of a receiver, should bar a suit

theretofore instituted against the corporation to recover a demand against it.   When the successful party undertakes its collection, it may be the receiver can interpose.

The next point is, that the court permitted testimony to go to the jury, against defendants' objection, in regard to the speed of this train at the time of the accident, it not being alleged the accident was caused by a high rate of speed, or that such speed contributed to the accident.

There is no averment of this nature in the declaration, and nothing equivalent to it.   All testimony on that point should have been excluded.   It was error to admit it, as it may have had an effect prejudicial to the defendants, on the minds of the jury.   Nothing should be permitted to go to the jury to establish facts not alleged.

It is next urged, the preponderance of the evidence establishes there was no defective rail, or defective ties, and that the car wheel which broke was made by one of the most celebrated manufacturers of car wheels, and had been in use but three months, and had been thoroughly tested in the usual manner, by the hammer, after a run of fifty miles; that such wheels can be and are successfully used in runs of thirty or forty thousand miles.   There was nothing in the appearance of the wheel to indicate unsoundness, and it answered clear to the stroke of the hammer.   The break of the wheel occurred before the car reached what is called, by some of the witnesses, the broken rail, consequently the broken rail was not the cause of the accident.   The rail was not, in fact, broken, but the end battered in consequence of being a little higher than the adjoining rail.   A part of the end had, by battering, scaled off, and contributed in no way to the injury.   A train following this passed over the rail safely, a few hours after this train.

The defect in the car wheel was not discoverable by the usual and proper tests, and, on the authority of *Illinois Central Railroad Co.* v. *Phillips*, 49 Ill. 234, we must hold the company, under the proof in this record, not liable.   That the car wheel broke when in operation, raising the presumption of negligence in the corporation, is admitted, but that presump-

tion is overcome by showing the wheel was the work of one of the most skillful manufacturers in the United States; that it was of the kind usually employed in the service, and had been subjected to and withstood the usual tests. There is no complaint it was not driven with judgment and skill, and by persons of experience.

But the most interesting and important question remains. Was defendant in error a passenger on this train, in the true sense of that term? He was traveling on a free pass issued to one James Short, and not transferable, and passed himself as the person named in the pass. By his fraud he was riding on the car. Under such circumstances the company could only be held liable for gross negligence, which would amount to willful injury. But, on the assumption he was a passenger on the car, riding on a free ticket containing the usual conditions, as this did, then the case is like that of *Illinois Central Railroad Co.* v. *Read*, 37 Ill. 484, where it was held, such a pass or ticket is a perfect immunity to the company for such unavoidable accidents as will happen to the best managed railroad trains; not, however, shielding them from liability for gross negligence, or any degree of negligence having the character of recklessness. We do not find, in the record, any evidence of this character. One witness did state he informed the superintendent of the condition of this battered rail, but it could not be called gross negligence to suffer it to remain in place, as trains passed over it safely, and this accident was not caused by it.

On the whole record, we think the evidence largely preponderates in favor of plaintiffs in error, and does not sustain the verdict. Such of the instructions as fail to conform to the views herein expressed are faulty, and should not have been given.

The judgment is reversed.

*Judgment reversed.*

Mr. Justice Scott dissenting.