## THE CHICAGO, BURLINGTON AND QUINCY RAILROAD COMPANY
### v.
## RICHARD N. WILCOX.

1. FORMAL ISSUE WAIVED.—Where parties go to trial without any objection that the issues are not joined, and in such case a general denial of

C., B. & Q. R. R. Co. v. Wilcox.

the facts stated in the plea would constitute a proper replication, a formal issue upon the plea is to be treated as waived.

2.   DATE OF COMMENCEMENT OF SUIT.—Ordinarily the issue of a summons is the date of the commencement of a suit and if any cause exists in a given case why that date should not apply, the party relying upon the statute of limitations as a bar, should make such cause apparent.

3.   VARIANCE BETWEEN ALLEGATIONS AND PROOFS.—Where the proof in a case is a substantial departure from the alleged cause of action, the variance is fatal.   *Held*, that the liability of a railroad for the wrongful act of its servant in thrusting a passenger from the car, is not properly pleaded under an averment of negligence in the moving, propelling and operation of the train.

APPEAL from the Circuit Court of Warren county; the Hon. JOHN J. GLENN, Judge, presiding.   Opinion filed December 28, 1882.

The summons was issued Sept. 16, 1880, and served on the 27th of the same month.

The declaration consists of one count only and alleges in substance that on Sept. 19, 1878, the defendant was in the county and State aforesaid, possessed of and operating a railroad from Chicago, Ill., to Burlington, Iowa, and through Warren and Henderson counties, Ill., with certain trains of cars running thereon for the conveyance of goods and passengers for hire.   That plaintiff at said Burlington, became a passenger on a train of defendant's, to be carried to Biggsville station, Ill., for a certain agreed hire then paid by plaintiff to defendant; that thereupon it became and was the duty of defendant upon arrival of said train at Biggsville station to stop the same and give the plaintiff an opportunity of safely alighting from said train.   Yet defendant did not regard its duty and use due care in that behalf, but on the contrary thereof, on the arrival of said train at Biggsville station, and while the plaintiff, with all due care and diligence, was about to alight from said train, defendant carelessly and negligently moved, propelled and operated the said train; that said plaintiff was thereby thrown off said train with great force upon the ground, by means whereof, then and there, the ankles and legs of plaintiff were greatly injured, bruised and sprained, and he was then and thereby

otherwise greatly hurt, bruised and wounded, and therefore the plaintiff was obliged to and did lay out and expend and pay large sums of money, amounting in all to $300, in endeavoring to be cured of said injuries so received, etc.

The defendant pleaded the general issue and the Statute of Limitations of two years, which was not replied to, but the parties went to trial and a verdict was returned for the plaintiff, and the court overruling a motion for a new trial, rendered judgment on the verdict and the defendant appealed.

The facts concerning the injury, as claimed by plaintiff below to exist, are stated by the plaintiff on his direct examination upon the trial, as follows:

My name is Richard N. Wilcox; live at Ottumwa, Iowa; have lived there about fifteen months; I lived in Burlington, Iowa, for about four years just before that; horseshoeing is my business; have a wife and four children.

I think on September 19, 1878, on Thursday, A. M., I think it was, I met Mr. Lyle and we arranged to go to Biggsville fair. We met at depot about one o'clock. Lyle is professor of Burlington High School. He had a horse at Biggsville fair. My specialty in blacksmithing was horseshoeing. I got in caboose of a freight train that I was told carried passengers. After we crossed the river the conductor came around and said "Tickets." I said I had none. He asked me where I was going, and I said Biggsville. He said, "Give me sixty cents." I did so. He and the brakeman then attended to their duties.

We stopped at Sagetown, and two trains passed there, and soon as the last train passed we moved on. He came back to the car and took his seat. Both of the caboose doors were open. He took a chair something like this and put his feet against that side of the open door, and set against the car in this way and took his watch out, and I asked him how far it was to Biggsville, or how soon we would get there, and he put his fingers upon half past two o'clock. If he spoke I didn't hear him. Am not sure as I had any other conversation with him. We came farther up; didn't stop at the tank. Somebody ran out at Biggsville, and he waked up and got

C., B. & Q. R. R. Co. v. Wilcox.

up and turned around and said, "Where do you want to go to?" I didn't know that it was Biggsville then. I told him Biggsville, and he said, "Come and get out." I stepped up and he took me by this arm. That was at the side of the train that was opposite from the depot. He set the chair aside and told me to pass between that, and took me by the right arm first, and he turned around that way. I took hold of the side of the car. He said, "Get down"; I got down by the door. He said, "You can get off there." I got down upon the steps; the door was open about four inches; I put one foot on the first step and the right foot on the bottom of the car. He said, "Get down on the other step"; I then changed my feet, and put the left foot on the lower step. The brakeman was coming down the ladder on that car. He said to me, "You won't hurt yourself if you jump off there." I said, "I won't jump off unless you stop the train." He said, "By God, I won't stop the train." I said, "By God, I won't get off," and he put his left hand upon me and shoved me, and the door caught me, and the marks are there where the door caught me. I fell off then. I didn't fall down when I first struck the ground. My left leg struck one of the ties; I fell on my breast, and in falling I caught the switch lever. I got up, and the first thing I noticed was the knee of my right pants leg was broken and the knee was bleeding. I raised my left foot and found that it hurt me. I stayed there three or four minutes. I looked after the train and noticed that they were laughing.

On his cross-examination he stated that after he refused to get off unless the train was stopped, he stepped upon the upper step, and was trying to get back into the car, when the conductor pushed him and shut the door.

Messrs. O. F. Price and Wm. C. Norcross, for appellant; that the evidence did not support the verdict and judgment, since two years had elapsed before service of summons on defendant, cited R. S. Ill. Chap. 83, § 14.

Error to refuse instruction that proofs must correspond with allegations and be confined to point at issue: 1 Greenleaf on Evidence, Chap. 1, § 50.

C., B. & Q. R. R. Co. v. Wilcox.

Defendant would not be liable for the malicious acts of his servants which did not pertain to their duties as employes: Isaacs v. The Third Av. R. R. Co. 47 N. Y. Court of Appeals, 122.

Where the evidence is slight, or highly contradictory, it is unfair for the court to select isolated portions and call the attention of the jury to them: Frame v. Badger, 79 Ill. 446.

Instructions must be based on the evidence, i. e., the evidence supporting the issues raised by the pleadings: American v. Rimpert, 75 Ill. 229; Collier v. Randolph, 1 Scam. 47; Hewitt v. Johnson, 72 Ill. 513; Moulding v. Prussing, 70 Ill. 152.

Error to refuse instruction that plaintiff must affirmatively prove freedom from negligence: C. B. & Q. R. R. Co. v. Lee, 68 Ill. 586; C. B. & Q. R. R. Co. v. Van Patten, 64 Ill. 516.

As to misleading instructions not based on evidence: Herrick v. Gary, 83 Ill. 86.

Error for appellee to testify as to the average profits of his business and the worth of his own time per day, prior to the accident: Marbee v. Wooster, 4 Gray, 395; Hamilton v. McPherson, 28 N. Y. Ct. of App. 76.

Messrs. STEWART & GRIER, for appellee; cited Statute of Limitations, Chap. 83, § 14.

The issuing of process is the commencement of the action: Feazle v. Simpson, 1 Scam. 30.

Where there is an issue upon which trial can be had, and a party goes to trial with some of his pleas unanswered, he waives the issue presented by such pleas: Ross v. Keddick, 1 Scam. 73; Graham v. Dixon, 3 Scam. 115; Armstrong v. Mock, 17 Ill. 193; Kelsey v. Lamb, 21 Ill. 559; Strohm v. Hayes, 70 Ill. 41.

The instruction that a preponderance of evidence does not depend upon the number but the credibility of witnesses is proper: Bishop v. Busse, 69 Ill. 403; Gowen v. Kehoe, 71 Ill. 66; Hubbard v. Rankin, 71 Ill. 129.

PILLSBURY, P. J. The first point made by appellant is that

the plea of the Statute of Limitations stands admitted upon the record for want of replication.

The record shows that the parties went to trial without any objection that the issues were not joined, and in such case, where a general denial of the facts stated in the plea would constitute a proper replication, we think the rule announced in Strohm v. Hayes, 70 Ill. 41, should be held to apply, and that a formal issue upon the plea is to be treated as waived.

The appellant had it in its power to compel the plaintiff to file a replication to the plea under a rule of the court, if it had so desired; and if the plaintiff had refused to obey the rule, then the plea would have stood as an admitted bar to the action, and the appellant would have been entitled to a judgment so declaring.

It is next objected that the bar of the statute is complete as the summons was not served until the 27th of September, 1880, the evidence showing that the injury was inflicted on the 19th of September, 1878.

The summons was issued on the 16th of September, and there is nothing in the record showing why that date should not be taken as the time of the commencement of the suit as against the Statute of Limitations.

Ordinarily the issue of a summons is the date of the commencement of a suit and if any cause exists in a given case why that date should not apply, the party relying upon the Statutes of Limitations should make such cause apparent.

The principal objection, however, to the recovery is, that there is a fatal variance between the allegations of the declaration and the proofs upon which such recovery was based.

The primary object of a special count in a declaration is to apprise the defendant of the true grounds upon which the plaintiff claims to recover and give him notice of what he will be called upon to meet upon the trial.

The declaration in this case counts upon the negligence of the defendant in moving, propelling and operating the train, at the time the plaintiff was alighting therefrom as the proximate cause of the injury sustained by him.

Treating the verdict as settling the facts in favor of the

plaintiff it would seem that the plaintiff was injured by the wrongful act of the conductor in shutting the door upon his hand and at the same time pushing him off the car.

At this time he was not about alighting from the car, but having refused to get off without the train was stopped, was endeavoring to regain his place within the car when he was prevented by the company's servant.

It can scarcely be said that any one reading this declaration would suppose that it was intended by the plaintiff to rely upon proof of the willful act of the conductor in forcing him from the car, as a ground of recovery.

If the conductor thus wrongfully thrust the plaintiff from the car it was a breach of his master's contract of carriage that might under the authority of C. & E. I. R. R. Co. v. Flexman, 9 Bradwell, 250, affirmed in 103 Ill. 546, render the company liable under a declaration properly counting upon the facts; but we think that such a liability is not properly pleaded under an averment of negligence in the operation of the train.

The running of the train was not the primary cause of the injury, for it is evident that the plaintiff would have regained the car if left to himself, and would have been safe from personal injury even if carried beyond his destination.

In I. W. & W. Ry. Co. v. Briggs, 85 Ill. 80, it was held error to allow evidence tending to show that the accident was caused by the high rate of speed the train was run, when the declaration averred the injury to have been produced by a defective wheel, defective ties and the unskillfulness of the company's servants.

In City of Bloomington v. Goodrich, 88 Ill. 558, which was an action on the case to recover damages for personal injuries received in consequence of a sidewalk being out of repair, the declaration alleged the defect in the walk to consist in "some of the planks being broken so that large and deep holes were in said walk and the surface of the same became, and was, very rough, irregular and uneven," and the proof failing to show that any of the planks were broken, but the only defect was that two of the planks had been removed from the walk, it was held that the variance was fatal.

C., B. & Q. R. R. Co. v. Wilcox.

So, where the declaration alleged that it was the duty of the city to so carefully keep and maintain a street and swing a bridge as to protect persons using the same from danger, and on account of negligence of the city in that regard, the plaintiff, while traveling upon said street, was necessarily and unavoidably thrown down upon said bridge and street, and was caught between the said bridge and abutment of the street, whereby he was injured, and the proof showing that he, of his own volition, jumped upon the bridge while it was in motion, and fell while attempting to jump off the bridge, and thereby received the injury, the variance was held substantial, and the plaintiff failing to recover in the court below, the judgment was affirmed for this reason : Gavin v. Chicago, 97 Ill. 66.

The variance between the allegations and proofs in the cases above cited appear to be less clearly marked than in the case before us, and we consider them conclusive upon this question.

Certainly, the proof in this case is a substantial departure from the alleged cause of the injury, and which materially affects the defendant below in preparing its defense, and we can not affirm the recovery in this case, without ignoring the rule so frequently and uniformly announced by our own court of last resort.

If we were to consider the testimony introduced by the defendant as establishing the facts in the case, the same difficulty arises, for it shows that the plaintiff, of his own volition, jumped from the train while running, without being influenced in such action by the servants of the company.

As in our opinion. there is a fatal variance between the allegations and proofs, the judgment will be reversed and the cause remanded.

Judgment reversed.