FARMINGTON STATE BANK v. GEORGE W. DELANEY
AND OTHERS.[1]

May 28, 1926.

No. 25,246.

**Indorsement of note by rubber stamp.**
    1. An unqualified indorsement of a promissory note, by means of a rubber stamp, is sufficient and satisfies the requirement of the statute if made by someone having authority so to do.

**When possession of such note is prima facie evidence.**
    2. Possession of such a note, so indorsed, is prima facie evidence that the same was indorsed by the person purporting to have indorsed it, and shall be proof that it was so indorsed until such person shall deny the signature or execution by his oath or affidavit.

[1]Reported in 209 N. W. 311.

**When no presumption of want of authority.**

3. Where such indorsement purports to have been made by authority of the payee, there is no presumption of want of such authority where it is alleged in the complaint that the indorsement was duly made by the indorser.

**Implied power of bank cashier.**

4. It is within the scope of the implied power of the cashier of a bank to indorse negotiable paper in the ordinary transaction of banking business.

**Rulings on evidence.**

5. There was no reversible error in the rulings upon the admissibility of evidence.

Appeal and Error, 4 C. J. p. 814 n. 63.
Banks and Banking, 7 C. J. p. 552 n. 93.
Bills and Notes, 8 C. J. p. 352 n. 16; p. 943 n. 29; p. 945 n. 55; p. 946 n. 73; p. 949 n. 95; p. 999 n. 9; p. 1001 n. 40.
Evidence, 22 C. J. p. 900 n. 98; p. 929 n. 75.

See note in 7 A. L. R. 672.

---

Two actions in the district court for Hennepin county. The cases were tried together before Reed, J., who directed a verdict in favor of plaintiff in each case. Defendant Liberty State Bank appealed from orders denying motions for new trials. Affirmed.

*Elliott, Doll & Coursolle,* for appellant.

*Smith & Rietz,* for respondent.

QUINN, J.

Two actions brought by plaintiff against the Liberty State Bank of St. Paul, et al., were tried together. The court directed a verdict in each case in favor of the plaintiff. From orders denying separate motions for new trials, defendant Liberty State Bank appealed.

Respondent contends that in May, 1921, it purchased from appellant a series of 10 promissory notes of $120 each dated May 14, 1921, signed by George W. Delaney and indorsed by C. F. Cole Company and the appellant bank, for which it paid appellant $1,200.

It further contends that in August of the same year it purchased from appellant two promissory notes of $700 each, which were signed by C. F. Cole Company and indorsed by appellant, for which it paid appellant $1,400. By the terms of such notes, demand, notice and protest were waived, and each was indorsed before delivery to respondent by appellant by means of a rubber stamp, as follows:

"Pay to the order of any bank, banker or trust company.
Liberty State Bank, St. Paul, Minn. J. D. Barr, Cashier."

Four of the serial notes and one of the $700 notes were paid. One action is upon the six unpaid serial notes; the other upon the unpaid $700 note. At the trial the respondent produced and offered in evidence all of the notes sued upon, except one serial note which it claimed had been sent to appellant for collection and never returned or accounted for in any manner by it, upon the theory that the production of such notes so indorsed creates a legal presumption that the indorsements were by the bank and placed there by persons having authority so to do and admissible in evidence under the provisions of G. S. 1923, § 9887, unless the signature and execution are put in issue by the answer in the manner provided for by the statute.

Appellant contends that the statute has no application because the validity of the indorsement had been specifically denied in the verified answer and objected to the introduction of the notes in evidence without proof that the indorsements had been placed on the notes by someone having authority to represent the bank. Appellant also offered to show that the notes were never the property of the bank. The proffered testimony was excluded.

Appellant's answers contain a statement to the effect that defendant has no knowledge or information as to the execution or transfer of the promissory notes therein referred to. The verification is by the cashier in the common form generally used to verify a pleading—that he has read the pleading and knows the contents thereof, and that the same are true of his own knowledge, except as to those matters therein stated on information and belief and as to those matters he believes it to be true. Nat. City Bank v. Zimmer Vacuum R. Co. 132 Minn. 211, 156 N. W. 265.

J. D. Barr was cashier of the appellant bank at the time of the alleged transfer of the notes. The indorsement was by rubber stamp and purports to have been made by the cashier. We held in State Bank v. Magraw, K. & Co. 159 Minn. 153, 198 N. W. 422, that it is within the scope of the implied power of the president of a bank to indorse negotiable paper in the ordinary transactions of banking business, without such special authority being conferred by the board of directors. We see no reason why the cashier does not possess the same implied power. James J. Grathwol was appellant's cashier who verified its answers, stating therein that he had no knowledge or information as to the execution, indorsement or transfer of the notes. There was no other denial under oath as to the execution of the indorsements on the notes. The verification, when considered in connection with the matters stated in the answers, does not amount to a denial of the execution of such indorsements by oath or affidavit in the manner required by the statute. The notes including the indorsements thereon are prima facie proof that they were duly executed and indorsed by the bank and that the person who indorsed the same had authority so to do. The notes were properly received in evidence. G. S. 1923, § 9887; First Nat. Bank v. Pacific Elev. Co. 159 Minn. 94, 198 N. W. 304; State Bank v. Magraw, K. & Co. 159 Minn. 153, 198 N. W. 422; Midland Nat. Bank v. Security Elev. Co. 161 Minn. 30, 200 N. W. 851.

The principal question involved in these lawsuits is whether the manner in which the notes came into possession of the plaintiff bank amounts to a commercial indorsement within the meaning of the Uniform Negotiable Instruments Act. The indorsements were by rubber stamp. Appellant insists that this was not sufficient, that it requires a signature of the indorser in writing. The act provides that *indorsement* means an indorsement completed by a delivery; that *writing* includes *print*; and that *acceptance* means an acceptance completed by delivery or notification. G. S. 1923, § 7235. We find no provision in the act preventing the use of a rubber stamp in the indorsement of drafts, checks or notes.

It is insisted on behalf of appellant that it does not sufficiently appear from the evidence that the person handling the transaction

on the part of appellant was authorized to deliver the notes to the respondent bank for the purpose of completing the indorsement and sale. The delivery was made by mail in the usual course of business. Respondent received and accepted the notes. It paid a draft of $1,200 made by appellant for the purchase price of the serial notes. It also paid a draft made by appellant of $1,400 for the two $700 notes. One of the $700 notes was paid about the time of its maturity. The second $700 note matured on August 18, 1921, at which time it was sent to the appellant bank, renewed by the maker, indorsed by rubber stamp in the form above indicated and returned by appellant to the respondent bank. Thereafter and prior to the commencement of this action, respondent requested payment of said notes of the appellant which was refused. At the trial appellant offered to show that the money received from respondent on account of the serial notes was credited on its books to the private account of the C. F. Cole Company. The proof was excluded. It is unimportant to whom the credit was given upon appellant's books. It is enough that the remittances were made by the respondent bank, received by the appellant bank and credit given to some one on the latter's books.

The indorsements by appellant were unqualified and vested title to the notes in respondent, unless insufficient under the statute because of having been made by a rubber stamp. The indorsements were upon the back of the notes. The notes were delivered to and paid for by respondent. The statute provides, in relation to the indorsement of negotiable paper, that the word *writing* as therein used means *print*. The indorsement of the name of the payee on a promissory note by means of a rubber stamp is sufficient and satisfies the requirement of the statute if such indorsement was made by some one having authority so to do. The indorsements under consideration purport, upon their face, to have been made by appellant's cashier. There is no presumption of want of such authority. Where it is alleged in the complaint, as in the instant case, that the indorsement was duly made by the indorser, the note is prima facie evidence that the same was indorsed by the person by whom it purports to be indorsed, and every note purporting to have been so

indorsed or executed shall be proof that it was so indorsed or executed until such person shall deny the signature or execution of the same by his oath or affidavit. G. S. 1923, § 9887.

Objection was made at the trial to the offer of appellant's books in evidence for the purpose of showing that it was not and never had been the owner of the promissory notes in question. The objection was sustained and the books excluded upon the ground that no proper foundation was laid for the proof. The matter rested largely in the discretion of the trial court and we see no error in the ruling.

Affirmed.