## FARMERS & MERCHANTS STATE BANK OF HAWLEY v. THEODORE MELLUM AND OTHERS.[1]

January 6, 1928.

No. 26,388.

**Action is not abated because receiver of national bank is appointed.**

　　1. The fact that the comptroller of currency takes charge of and appoints a receiver for a national bank does not abate an action pending against the bank in which issue is joined, nor will its prosecution be stayed or enjoined because thereof.

　　Such a receiver is a proper but not a necessary party therein.

　　Claim of error in the amount of the judgment must first be submitted to the trial court.

**Defendant bank owned the note it sold to plaintiff.**

　　2. From the facts stated in the opinion, it is *held* that defendant bank was the owner of a promissory note which it sold to plaintiff; and it cannot be heard to deny such ownership.

[1]Reported in 217 N. W. 381.

**Finding sustained that defendant bank indorsed it.**

3. The evidence sustains a finding that defendant bank indorsed such note.

**Plaintiff did not have notice that defendant bank did not own note.**

4. The facts as stated in the opinion do not constitute notice to plaintiff that defendant bank did not own the note.

**Consideration for indorsement and guaranty and extension of note.**

5. The consideration for said indorsement was the money which plaintiff paid for the note.

The relinquishment of the bank's liability as an indorser was a consideration for a subsequent guaranty which the bank made.

The extension of the time for payment by taking a renewal note as a part of the transaction in which the guaranty thereof was given was a consideration therefor.

Upon the facts in this case, the liability of the bank as an indorser was in substance the same as its liability as a guarantor and, its obligation being a continuing one, was supported by the money paid for the original note.

**A national bank may guarantee a note which it owns and sells.**

6. National banks may, in selling, guarantee promissory notes which they own.

**Consideration for guaranty of individual defendant.**

7. The consideration for the guaranty of the individual defendant was the renewal of the maker's obligation to plaintiff made as a part of the same transaction.

Abatement and Revival, 1 C. J. p. 144 n. 55.
Appeal and Error, 3 C. J. p. 880 n. 18.
Banks and Banking, 7 C. J. p. 815 n. 2; p. 838 n. 18 New.
Bills and Notes, 8 C. J. p. 348 n. 50.
Guaranty, 28 C. J. p. 917 n. 42; p. 922 n. 80.

See note in 8 A. L. R. 451; 23 R. C. L. 48; 3 R. C. L. Supp. 1311.

Action in the district court for Clay county to recover from the defendants First National Bank of Ulen and E. A. Westin upon their separate guaranties of a note made by defendant Mellum to the

plaintiff.   There was judgment, Nye, J. for the plaintiff, from which the defendants bank and Westin appealed.   Affirmed.

*F. A. Grady,* for appellant bank.

*Christian G. Dosland* and *Goodwin LeRoy Dosland,* for appellant Westin.

*Henry C. Stiening* and *F. H. Peterson,* for respondent.

WILSON, C. J.

Defendants appealed from a judgment for $5,068.48.

On December 30, 1918, defendant bank sold to plaintiff a $3,500 note given by Theodore Mellum, receiving therefor a draft for that amount on a Minneapolis bank.   It fairly appears that Mellum was a customer of defendant bank, which was capitalized at $35,000.   It was then carrying another Mellum note for $3,500.   It claims that the money procured from plaintiff eventually went to a Sauk Center bank to pay another Mellum note, with which defendant bank rediscounted notes.   Defendant bank indorsed the note so sold to plaintiff.   It also indorsed renewals thereof.   On December 9, 1919, in connection with a renewal note, it ceased being an indorser and gave plaintiff a separate guaranty, whereby it guaranteed

"the payment and interest of any note discounted by them or its officers or any renewal thereof now held or which may be held later by the Farmers & Merchants State Bank of Hawley, Minnesota, and waives demand and notice of protest."

This guaranty was signed:

"First National Bank of Ulen, Minnesota.
"By L. Lofgren, Cashier."

On May 19, 1922, when a renewal note was given, Lofgren and defendant E. A. Westin, then assistant cashier of defendant bank, individually executed and delivered to plaintiff a general guaranty of notes which it purchased from defendant bank up to $25,000.

The last mentioned renewal note being long past due, plaintiff seeks to recover upon the two guaranties.

1.   After defendants answered, defendant bank, being insolvent, came into the custody of the comptroller of currency who appointed

Peter L. Klyver receiver under the federal laws. Defendant bank filed an amended answer showing this calamity. It pleaded the same defenses as before and claimed that the receiver could not be sued. It alleged that plaintiff's only remedy was to file its claim with the receiver as provided by law. 12 USCA, §§ 193, 194. A creditor who has not sued must submit his claim to the comptroller for allowance. Nat. Bank of the Commonwealth v. Mechanics Nat. Bank, 94 U. S. 437, 24 L. ed. 176; Denton v. Baker (C. C. A.) 79 F. 189. If the claim is rejected the creditor may bring suit. Bank of Bethel v. Pahquioque Bank, 14 Wall. 383, 20 L. ed. 840; Chemical Nat. Bank v. World's Columbian Expos. 170 Ill. 82, 48 N. E. 331. The procedure for the ordinary creditor is clear.

But in this case the trial court had acquired jurisdiction prior to the proceedings for liquidation. The national bank act provides that actions may be prosecuted against a national bank in the state court. 12 USCA, § 94. Bank of Bethel v. Pahquioque Bank, 14 Wall. 383, 20 L. ed. 840. When the receiver came into existence he took the bank cum onere. It had a lawsuit on its hands. The receiver is a proper party. He is not a necessary party. Speckert v. German Nat. Bank (C. C. A.) 98 F. 151. He may properly be admitted as a party on his application. He has not applied. The action does not abate by reason of the appointment of the receiver nor will its prosecution be stayed or enjoined because thereof. 23 R. C. L. 48; Toledo W. & W. Ry. Co. v. Beggs, 85 Ill. 80, 28 Am. R. 613. In Bank of Bethel v. Pahquioque Bank, 14 Wall. 383, 20 L. ed. 840, it was held that the bank could be sued and the claim established without making the receiver a party. The action, however, was subsequent to a disallowance of the claim by the receiver.

Generally the appointment of the receiver has no effect on pending suits. Toledo W. & W. Ry. Co. v. Beggs, 85 Ill. 80, 28 Am. R. 613; Black v. Consolidated R. & P. Co. 158 N. C. 468, 74 S. E. 468; Pruett v. Fortenberry (Tex. Civ. App.) 254 S. W. 592; Wagner v. Keystone Mut. B. Assn. 8 Pa. Dist. R. 231. Such rule has been recognized by some cases where national banks were involved. Tracy v. First Nat. Bank, 37 N. Y. 523; American Nat. Bank v. Robinson, 141 Ga. 78, 80 S. E. 555. Under such circumstances the plaintiff is entitled

to have the issue litigated in the pending action. Appellant's brief indicates that counsel now appearing for the insolvent bank is in fact doing so as counsel for the receiver, who was a witness in the case. Obviously therefore it would have been an idle ceremony to delay the action waiting for the receiver to allow the claim.

It is argued that the rights of the creditors become fixed at the time of the appointment of a receiver, and that it will work an inequality to permit the plaintiff to add costs incident to the litigation and interest included in the judgment to the amount of plaintiff's claim as it existed on the day of the appointment. It would seem that the claim would draw interest after allowance. Nat. Bank of the Commonwealth v. Mechanics Nat. Bank, 94 U. S. 437, 24 L. ed. 176. If so the difference is not great. Defendant bank did not ask the trial court to so limit the judgment. Not having asked for a new trial, it did not submit this question to the trial court and is not now in a position to raise the question on the appeal from the judgment. Nor is plaintiff seeking any substantial advantage as was the case in Steele v. Randall (C. C. A.) 19 F. (2d) 40.

2. Defendants claim that the original note was not owned by defendant bank. Its books do not show that it was carried as an asset. But it assumed to own it. It had possession of it. It sold it. No one else claims to have been the owner. It took plaintiff's money therefor. It has made no satisfactory explanation of its conduct indicating ownership, and we are of the opinion from the facts that the conclusion of law to the effect that it was the owner thereof at the time of sale is inevitable. State v. Peterson, 167 Minn. 216, 208 N. W. 761. The evidence does not disclose the name of the payee, but it may be fairly inferred that it was payable to defendant bank. Who the payee was, however, is not of great importance under the circumstances. Plaintiff did not know the maker, and it parted with its money wholly because of confidence in defendant bank and its indorsement on the note. Plaintiff acted in good faith. Defendants cannot now be heard to say that the bank which sold plaintiff the note did not own it. Central Met. Bank v. Chippewa County State Bank, 160 Minn. 129, 199 N. W. 901. Westin participated in the transaction.

3. The evidence is sufficient to show that the original note was not only indorsed by defendant bank but that it waived presentment for payment, protest, etc. Its liability was absolute. G. S. 1923, §§ 7109, 7125(3). In an effort to establish a foundation to escape the rule that a note given for an antecedent debt is not payment unless given and received as such as stated in Miller v. Farmers State Bank of Arco, 165 Minn. 339, 206 N. W. 930, defendant bank attempts to bring this case within the doctrine of Childs v. Pellett, 102 Mich. 558, 61 N. W. 54, and Molsons Bank v. Berman, 224 Mich. 606, 195 N. W. 75, 35 A. L. R. 1289. The claim is that there was such a change in the indorsement as to make the Michigan cases applicable. We do not think so. When the defendant bank ceased to be the indorser as indicated on the back of the note it became a guarantor on a separate instrument waiving demand and notice of protest. Its liability had not changed.

4. The claim that plaintiff had notice that defendant bank never owned the Mellum note is without merit. The fact that it did not bear a discount number cannot be so construed. Nor is such notice to be imputed from the fact that the cashier attempted to substitute his individual indorsement in place of the bank's indorsement.

5. The consideration which supported the indorsement was the $3,500 which plaintiff gave it for the note. Hall v. Oleson, 168 Minn. 308, 210 N. W. 84. The relinquishment of the liability as an indorser, under the circumstances, was a consideration for the guaranty of defendant bank. The extension or renewal of the Mellum note upon which defendant bank was such indorser made at the time and part of the transaction in which the guaranty was given was also a consideration for the guaranty. The facts herein are also sufficient to justify the construction that the obligation of defendant bank was a continuing one and that it rested upon the $3,500 paid.

6. Was the guaranty of defendant bank ultra vires? This assignment falls because of our conclusion of law, which we draw from the facts found by the trial court, to the effect that defendant bank owned the Mellum note when it sold it to plaintiff. Being the owner, it could, in selling, guarantee. Greene v. First Nat.

Bank, 172 Minn. 310, 215 N. W. 213; Farmers & Mech. Sav. Bank v. Crookston State Bank, 169 Minn. 249, 210 N. W. 998; Farmington State Bank v. Delaney, 167 Minn. 394, 209 N. W. 311, 46 A. L. R. 1495; Peoples Bank v. Manufacturers Nat. Bank, 101 U. S. 181, 25 L. ed. 907; Farmers & Miners Bank v. Bluefield Nat. Bank (C. C. A.) 11 F. (2d) 83; Lucey Mfg. Corp. v. Morlan (C. C. A.) 14 F. (2d) 920.

7. The consideration supporting the guaranty of defendant Westin was the extension of time of payment and the surrender of the note then maturing for the new note. Perhaps there was a further consideration by the purchase of other notes as the guaranty signed by Westin apparently contemplated, but as to that we are not required to express any views.

Affirmed.