## CORINNE BARKE v. COMSTOCK STATE BANK.[1]

June 1, 1928.

No. 26,623.

**Authority of bank cashier to indorse its negotiable paper.**

1. A cashier of a bank has implied power to indorse negotiable paper in the ordinary transaction of its business.

**Presumption that renewal note is in same form as original.**

2. Upon the facts stated in the opinion, *held* that a renewal note presumptively had the same payee and indorsement as the original note.

**Exclusion of evidence.**

3. The record *held* to be without error in the exclusion of evidence.

Banks and Banking, 7 C. J. p. 544 n. 79; p. 552 n. 93.
Bills and Notes, 8 C. J. p. 1020 n. 7.
Evidence, 22 C. J. p. 103 n. 70; p. 147 n. 52.

---

See note in 12 A. L. R. 139; 3 R. C. L. 453; 1 R. C. L. Supp. 830; 4 R. C. L. Supp. 186; 6 R. C. L. Supp. 181; 7 R. C. L. Supp. 91.

Action in the district court for Wilkin county by Corinne Barke, formerly Corinne Askegaard, to recover on a promissory note for $1,300 signed by one Gilbert B. Erickson and indorsed by the de-

[1] Reported in 219 N. W. 757.

fendant to the plaintiff. The court, Flaherty, J. directed a verdict for plaintiff for $1,872.53, and defendant appealed from the judgment entered thereon. Affirmed.

*Christian G. Dosland* and *F. H. Peterson,* for appellant.

*N. F. Field, Cyrus A. Field,* and *Lewis E. Jones,* for respondent.

WILSON, C. J.

Defendant appealed from a judgment.

In the spring of 1920 plaintiff sent to defendant, of which her brother Eugene Askegaard was cashier, $1,250 to invest for her. Defendant then held a $1,300 note against one Erickson. The bank records show this note was paid on April 19, 1920. The accrued interest was $97.50. It is conceded that the note was paid by one note for $147.50 which the bank retained and by another note for $1,250 which was the amount of plaintiff's money. The larger note remained in the possession of the bank and was renewed on October 27, 1921, in the sum of $1,300 including $50 accrued interest. This renewal note, which with the indorsement thereon is the basis of this action, was made payable to defendant, which indorsed it to plaintiff having waived presentment for payment, notice, etc.

Plaintiff never saw the original note, and the renewal was not delivered to her until in 1924.

1. A cashier of a bank has implied power to indorse negotiable paper in the ordinary transaction of the bank's business. State Bank of Westport v. Magraw, Kerfoot & Co. 159 Minn. 153, 198 N. W. 422; Farmington State Bank v. Delaney, 167 Minn. 394, 209 N. W. 311, 46 A. L. R. 1495.

2. The record is silent as to who was the payee in the original note for $1,250. Nor does it appear whether it was indorsed to plaintiff. When that note was taken by the bank it knew that plaintiff was to become the owner thereof, and the note was made in the amount suitable for her convenience. The bank sold a part of its own assets to plaintiff. In such a transaction the cashier was authorized to indorse the note. If the original note was in the form of the renewal defendant's liability would be certain.

In our opinion the renewal note was so closely associated with the entire transaction, together with the known facts and circumstances, that it raises the presumption that the original note was in the same form and bore the same indorsement as the renewal. This presumption rests upon the theory that the existing state of facts—the bank being the payee and indorser—would not ordinarily exist unless they had also existed at the time concerning which the presumption is invoked. The same conclusion is reached by the presumption that good faith attaches to ordinary business transactions. This presumption precludes the suggestion that the bank may have taken the renewal note in a form different from the original and that it may have put on the existing indorsement when the original note had no such indorsement. The bank offered no evidence to rebut either of these presumptions. Since either of them operates to make a prima facie case, they are presumptions of law. It follows that the bank is bound by the indorsement. This case does not come within the doctrine that a bank cannot guarantee notes in which it is not interested as in Farmers & Mech. Sav. Bank v. Crookston State Bank, 169 Minn. 249, 210 N. W. 998.

3. Since we know the source of the note, it is immaterial whether it was entered upon the books of the bank, and the court did not err in excluding proof thereof. In view of our holding, it was not error for the court to exclude the by-laws as bearing upon the cashier's authority.

Affirmed.