MAURICE AUERBACH and others *vs.* LE SUEUR MILL COMPANY.

September 29, 1881.

**Corporation—Power to incur Debts and give Negotiable Paper there-for.**—A corporation organized under the provisions of Gen. St. 1866, c. 34, title 2, and which adopted as one of its articles of association a provision fixing a limit to the amount of indebtedness which might be incurred by the corporation, had power to create debts in the ordinary transaction of its business, and to give its negotiable note for such indebtedness.

**Same—Negotiable Paper in excess of Limit of Indebtedness allowed by Articles.**—Where a private corporation has authority to issue negotiable paper, such paper, when issued, possesses the legal character ordinarily attaching to commercial paper; and a holder in good faith, before maturity, and for value, may recover, although in this particular case the power of the corporation was irregularly exercised or was exceeded.

**Same—Note under Corporate Seal.**—Under the statute, the seal of the corporation affixed to an instrument made by it, and which is otherwise a negotiable note, does not impair its negotiability.

Appeal by defendant from an order of the district court for Sibley county, refusing a new trial, after a trial by *Macdonald, J.,* without a jury. The case is stated in the opinion.

*Bangs & Emery* and *S. & O. Kipp,* for appellant.

A corporation has only such powers as are conferred by its charter, and any contract made by it outside and beyond these powers is absolutely void against everybody, and cannot be ratified unless by the legislature. *Rochester Insurance Co.* v. *Martin,* 13 Minn. 59; Angell & Ames on Corp. § 1; 1 Kyd on Corp. § 1; Green's Brice's Ultra Vires, 1; *Downing* v. *Mount Washington Road Co.,* 40 N. H. 230 ; *Occum Co.* v. *Sprague Manuf'g Co.,* 34 Conn. 529; *White's Bank* v. *Toledo Ins. Co.,* 12 Ohio St. 601; *Ruggles* v. *Collier,* 43 Mo. 353; *People* v. *Utica Insurance Co.,* 15 John. 358; *City of Montgomery* v. *Montgomery Plank-road Co.,* 31 Ala. 76; *State of Wisconsin* v. *Torinus,* 24 Minn. 332; *Head* v. *Providence Ins. Co.,* 2 Cranch, 127 ; *New York Firemen Ins. Co.* v. *Sturges,* 2 Cow. 664 ; *Bank of United States* v. *Dandridge,* 12 Wheat. 64; *Dartmouth College* v. *Woodward,* 4

Wheat. 518; *Straus* v. *Eagle Ins. Co.*, 5 Ohio St. 59; *Riche* v. *Ashbury Ry. Carriage Co.*, Law Rep. 9 Ex. 244; *New York Firemen Ins. Co.* v. *Ely*, 5 Conn. 560; *Berlin* v. *New Britain*, 9 Conn. 175; *Pearce* v. *Madison & Ind. R. Co.*, 21 How. 441; *Bank of Augusta* v. *Earle*, 13 Pet. 519; *Perrine* v. *Chesapeake & Del. Canal Co.*, 9 How. 172; Sedgwick on Stat. and Const. Law, (2nd Ed.) 73; Green's Brice's Ultra Vires, 608, 620; Angell & Ames on Corp. § 256; Dillon on Mun. Corp. §§ 381, 749; *Farmers' & Mech. Bank* v. *Baldwin*, 23 Minn. 198; *Root* v. *Wallace*, 4 McLean, 8; *Davis* v. *Bank of River Raisin*, Id. 387; *Northwestern Union Packet Co.* v. *Shaw*, 37 Wis. 655; *Highway Commissioners* v. *Dusan*, 40 Mich. 430; *Mayor* v. *Ray*, 19 Wall. 468; *Allegheny City* v. *McClurkan*, 14 Pa. St. 81; *White* v. *Franklin Bank*, 22 Pick. 181; *Utica Insurance Co.* v. *Scott*, 19 John. 1; *Dill* v. *Inhabitants of Wareham*, 7 Met. 438; *Philadelphia Loan Co.* v. *Towner*, 13 Conn. 249; *Township of Taymouth* v. *Koehler*, 35 Mich. 22; *Horton* v. *Town of Thompson*, 71 N. Y. 513; *McCracken* v. *City of San Francisco*, 16 Cal. 591; *Ætna Ins. Co.* v. *Harvey*, 11 Wis. 394; *Miller* v. *Larson*, 19 Wis. 486; *Schwartzer* v. *Gillett*, 1 Chand. (Wis.) 207; 2 Pinney, 238; *Melchior* v. *McCarty*, 31 Wis. 252.

A person dealing with the officers of a corporation, whose duties are regulated by the by-laws, is chargeable with notice of their authority, and of the limitations contained in the act of incorporation and by-laws. *Dabney* v. *Stevens*, 40 How. Pr. 341; s. c. 46 N. Y. 681; *Adriance* v. *Roome*, 52 Barb. 399; *Exchange Bank* v. *Monteath*, 24 Barb. 371; *Balfour* v. *Ernest*, 5 C. B. (N. S.) 601; *Salem Bank* v. *Gloucester Bank*, 17 Mass. 1.

A negotiable promissory note, which is void *ab initio* by reason of the incapacity of the maker, can no more be enforced against the maker by a *bona fide* holder than by the payee. *Dewing* v. *Perdicaries*, 96 U. S. 193; *Leavitt* v. *Palmer*, 3 N. Y. 19; *Perkins* v. *Savage*, 15 Wend. 412; *Bartle* v. *Coleman*, 4 Pet. 184; *Craig* v. *State of Missouri*, 4 Pet. 410; *Nellis* v. *Clark*, 4 Hill, 424; *Griffith* v. *Wells*, 3 Denio, 226; *Bank of United States* v. *Owens*, 2 Pet. 527; *Law* v. *Hodson*, 11 East, 300; *Wheeler* v. *Russell*, 17 Mass. 258; *Miami Exporting Co.* v. *Clark*, 13 Ohio, 1; Broom's Legal Maxims, 349, 354; Chitty on Contracts, 602, 604; *Briggs* v. *Tillotson*, 8 John. 235; *Kennett* v.

*Chambers,* 14 How. 38; *Solomon* v. *Dreschler,* 4 Minn. 197 (278;) *Ingersoll* v. *Randall,* 14 Minn. 400; *Root* v. *Godard,* 3 McLean, 102.

Estoppel does not apply. It must be mutual, and if both parties are estopped, the law is powerless to restrain corporate bodies within the limits of their charters. *Hood·*v. *New York & N. H. R. Co.,* 22 Conn. 502; Dillon on Mun. Corp. § 381; 13 Am. Dec. 108, note.

It has been well settled that a corporation is not estopped from setting up *ultra vires* to defeat an action upon an express contract, even if it has received the consideration. This principle is founded on general principles of public policy. *Pearce* v. *Madison & Ind. R. Co.,* 21 How. 441; *Zabriskie* v. *Cleveland, C. & C. R. Co.,* 23 How. 381; *Brown* v. *Winnisimmet Co.,* 11 Allen, 326; *East Boston Freight R. Co.* v. *Hubbard,* 10 Allen, 459; *Whittenton Mills* v. *Upton,* 10 Gray, 582; *Buffett* v. *Troy & Boston R. Co.,* 40 N. Y. 168; *Downing* v. *Mount Washington Road Co.,* 40 N. H. 230; *Morris & Essex R. Co.* v. *Sussex R. Co.,* 20 N. J. Eq. 542; *Ohio Life Ins. Co.* v. *Merchants' Ins. Co.,* 11 Humph. 1; *Albert* v. *Savings Bank of Baltimore,* 1 Md. Ch. Dec. 407.

The fact, that the note is void and will not support an action upon the contract, will not, however, prevent an action to recover money actually had and received by the corporation. This action would not admit power in the corporation to contract, but could only be sustained on the theory that the express contract is void, and the corporation must give back just what it received. Story's Eq. Jur. §§ 298, 300; Story on Constitution, §§ 490, 491; *White* v. *Franklin Bank,* 22 Pick. 181; *Gold-Mining Co.* v. *National Bank,* 96 U. S. 640; *Bissell* v. *Mich. Southern & Northern Ind. R. Co.,* 22 N. Y. 258; *N. Y. Trust & Loan Co.* v. *Helmer,* 12 Hun. 35; *Morris & Essex R. Co.* v. *Sussex R. Co.,* 20 N. J. Eq. 542; *City of Memphis* v. *Memphis Gas Co.,* 9 Heisk. 531; *Orr* v. *Lacey,* 2 Doug. (Mich.) 230; *Cincinnati Mut. H. A. Co.* v. *Rosenthal,* 55 Ill. 85.

*Warner & Severance,* for respondents.

The defendant corporation was authorized to make promissory notes. The note in suit was properly executed and delivered, and it appears that the corporation has received the entire consideration. Under these circumstances it cannot successfully repudiate the note, and at the same time retain the consideration. Field on Corpora-

tions, §§ 259–267; Green's Brice's Ultra Vires, 724–750, and notes; *Bissell* v. *Mich. Southern & Northern Ind. R. Co.*, 22 N. Y. 258; *Burtis* v. *Buffalo & S. L. R. Co.*, 24 N. Y. 269; *Steamboat Co.* v. *McCutcheon*, 13 Pa. St. 13; *People's Bank* v. *National Bank*, 101 U. S. 181; *Gold Mining Co.* v. *National Bank*, 96 U. S. 640; *Watts' Appeal*, 78 Pa. St. 370; *Railroad Company* v. *Howard*, 7 Wall. 392; *De Groff* v. *American Linen Thread Co.*, 21 N. Y. 124; *Whitney Arms Co.* v. *Barlow*, 63 N. Y. 62; *Grant* v. *Henry Clay Coal Co.*, 80 Pa. St. 208; *Railroad Company* v. *McCarthy*, 96 U. S. 258.

DICKINSON, J. This action was tried before the court, *Macdonald*, J., without a jury, who filed his decision awarding judgment in favor of the plaintiff. The defendants moved for a new trial, and from the order refusing the same appealed to this court. Numerous exceptions were taken at the trial to the rulings of the court in respect to the evidence, but none of the questions thus raised are important in the determination of this case; for, whether such exceptions were well taken or not, the decision must be sustained upon facts found by the court below from evidence which was clearly not subject to objection, and the rulings of the court in respect to which exceptions are alleged here could not have affected the result.

These facts are as follows: The defendant is a private corporation, organized in 1874, pursuant to the provisions of Gen. St. 1866, c. 34, title 2, for the purpose of building and operating a steam flouring-mill. One of the original articles of incorporation provided that "the highest amount of indebtedness or liability to which said corporation shall be subject shall not exceed $5,000." In 1875, the corporation made to one Stewart its promissory not for $9,000, and secured the payment of the same by a mortgage upon its mill property. On the 11th day of May, 1877, the mortgage was foreclosed by a sale made on that day, and the mortgaged property was purchased on such foreclosure sale by the mortgagee, for the amount of the mortgage debt, which then exceeded $11,000. No redemption was made from this sale. On April 6, 1877, the defendant also executed to one M. Doran its promissory note for $6,000, payable on demand, a considerable part of which remained unpaid on the 6th day of May, 1878. On the 6th day of May, 1878, the defendant made to M. Doran

its promissory note, signed by its president and secretary, and with its corporate seal affixed, for the sum of $3,694.60, payable to M. Doran & Co., or bearer, on demand, with interest. On this note this action was brought, the same having been, before maturity, transferred to the plaintiff for a valuable consideration and in good faith, as is found by the court below. (The findings of fact, as presented in the record in this court, state that the transfer to plaintiff was after maturity, but this is clearly a clerical error, for one of the conclusions of law found by the court is that the defendant is estopped "by reason of said plaintiffs being *bona-fide* purchasers thereof for value paid *before* maturity;" and in its opinion filed in the case, the court recites its finding as being that the note was sold before maturity; and such, too, seems to be the force of the evidence, and so both parties treat it in the argument before this court.) Doran was a stockholder and director of the corporation during all of the period covered by these transactions. The ordinary financial business of the defendant in buying grain and selling foreign consignments of flour was largely done through M. Doran & Co., which was a banking copartnership, and of which said Doran was a member. The consideration of the note upon which the action was brought was a balance in favor of M. Doran & Co., found due them upon settlement of a current account of such business.

Upon these facts arise the legal questions whether the instrument sued upon is a negotiable instrument; and whether, if so, the plaintiff, as a *bona-fide* holder before maturity, is entitled to recover upon it, notwithstanding the fact that the corporation, in incurring the debt evidenced by it, exceeded its authority as to the extent of the indebtedness it might contract. It has already been determined by this court, in *Sullivan* v. *Murphy*, 23 Minn. 6, that corporations organized under the general law above referred to, and under which this defendant was incorporated, are, by implication, at least, authorized to incur debts in the ordinary transaction of their business, and that they may evidence such debts by their promissory notes. See, also, *Chaska Co.* v. *Board Sup'rs of Carver Co.*, 6 Minn. 130 (204;) 1 Daniel Neg. Inst. §§ 381–382. In the case of this defendant the power to create debts is also plainly to be inferred from the express limitation upon that

power contained in its articles. The conclusion is that this defendant had power to create debts, and to give its negotiable promissory notes therefor.

The instrument sued upon is a negotiable promissory note in form, unless the affixing of the corporate seal affects its negotiable character. Such is not the effect of the seal of a corporation upon such paper, under the provisions of our statute, (Gen. St. 1878, c. 23, § 9,) which reads : "Bonds and other obligations, under seal, for payment of money, payable to the bearer, or to some person designated or bearer, or payable to order, issued by any corporation or joint-stock company, shall be negotiable in the same manner and to the same extent as promissory notes."

Where a private corporation has authority to issue negotiable securities, such instruments, when issued, possess the legal character ordinarily attaching to negotiable paper, and the holder in good faith, before maturity, and for value, may recover, even though in the particular case the power of the corporation was irregularly exercised or was exceeded; or, to state the legal proposition in its application to this case, this defendant having power to incur debts to a limited extent and to issue its negotiable notes therefor, the plaintiff, as a *bona-fide* holder of the note in suit, may recover upon it, although in this particular case the indebtedness of the corporation at the time of giving this note already exceeded the limits prescribed by its articles of association. *Stoney* v. *American Life Ins. Co.*, 11 Paige, 635; *Mech. Bank Ass'n* v. *New York & Saugerties White Lead Co.*, 35 N. Y. 505; *McIntire* v. *Preston*, 10 Ill. 48; *Monument Nat. Bank* v. *Globe Works*, 101 Mass. 57; *Bissell* v. *Mich. Southern & Northern Ind. R. Co.*, 22 N. Y. 258, 289; *City of Lexington* v. *Butler*, 14 Wall. 282; *Moran* v. *Miami County*, 2 Black, 722; Angell & Ames on Corp. § 268; Field on Corp. 303; Green's Brice's Ultra Vires, 273–4, 729. Although in such a case the corporation or its officers exceeded the corporate authority, and its contract would be, hence, in a sense, *ultra vires*, yet other legal principles, besides those merely relating to the powers of the corporation, come in to affect the result.

It is true, a corporation is a being created by the law, and has properly no authority but such as is conferred upon it, expressly or

by implication, by the law of its creation; yet it may become legally bound to observe and perform contracts which it had not authority to enter into. The ends of justice may require, as in this case, that the corporation which has exceeded its powers should be estopped by its own acts from pleading, in defence of its assumed obligations, that they were *ultra vires*. To apply the principle of estoppel is not to enlarge the powers of the corporation; nor does it give warrant to a corporation to disregard or violate the restrictions which have been expressly imposed upon it, or which exist in the absence of power conferred. It was said by the court in *Bradley* v. *Ballard*, 55 Ill. 413: "This doctrine [estoppel] is applied only for the purpose of compelling corporations to be honest, in the simplest and commonest sense of honesty, and after whatever mischief may belong to the performance of an act *ultra vires* has been accomplished." In *Railway Co.* v. *McCarthy*, 96 U. S. 258, the court say: "The doctrine of *ultra vires*, when invoked for or against a corporation, should not be allowed to prevail where it would defeat the ends of justice or work a legal wrong." Whether the plea of *ultra vires* should be allowed as a defence to assumed obligations should not be determined without regard to the character and objects of the incorporation, the nature of the powers conferred or withheld, the particular character of the obligations assumed or contract entered into, the relations of the contracting parties, and the *bona fides* of him against whom the doctrine of *ultra vires* is asserted.

In this case the defence sought to be made to the note is that in giving it the article of the defendant's incorporation, limiting the amount of its indebtedness, was violated. The debt was incurred in the ordinary prosecution of the business of the corporation. The defendant received and appropriated the money which was the consideration of the note, and, having authority to issue negotiable paper, it put forth the note in question, negotiable, calculated to circulate as, and perform the office of, commercial paper, and expressing upon its face the obligation and promise of the maker to pay to the bearer, at all events, the sum named. It has come into the hands of a *bona-fide* purchaser, and simple justice, as well as plain principles of law, forbid that courts should listen to the plea that in this particular

case the corporation had not authority to issue its note. It ought to be and it is estopped. To so hold does not weaken the sanction of the law which restrains the exercise of corporate power within the limits prescribed by the creative act. To refuse to recognize and enforce, when necessary to the attainment of justice and prevention of wrong, such contracts, made in violation of the corporate charter, is not to afford a remedy for the wrongful acts of the corporation. When, in a case like this, the unauthorized contract has been executed by the corporation, and it has reaped the benefits of it, public policy does not require the courts to refuse to administer justice between the parties in accordance with the plain principles of law. In such a case, the remedy for the violation by the corporation of its charter power lies elsewhere. We are here seeking to administer justice as between these contracting parties. If justice did not invoke the application of other principles of law, the defence of *ultra vires* might be sufficient; but the doctrine of estoppel, as a principle of law, is as positive and well-recognized as is the law that a corporation may not exceed its corporate powers, and, although the defendant exceeded its authority, it should be denied the right to assert the fact of its own wrong, when to allow its plea would work injustice and wrong to him who has been misled by its acts performed within the general scope of its powers.

What has been said should be regarded only as said with reference to this case, and should not be considered as stating a rule of law which should prevail generally in the case of contracts not negotiable. While the broader ground last referred to was considered by the court below, and discussed by counsel in this court, yet upon the facts found by the court such was not this case, and, the question being an important one, we ought not to anticipate its presentation for adjudication by an opinion not called for by the facts in this case. Nor is it important, as this case stands before this court, that the contract of the corporation was with one of its own officers, for the court has found that the plaintiff purchased the note in good faith, and without notice of any defence thereto. The fact the note was payable to "M. Doran or bearer" did not necessarily notify the plaintiff that Doran was an officer of the corporation or connected with it.

The exceptions presented on the record, except such as have been already considered, relate to matters which could not affect the result, and we deem it unnecessary to pass upon them.

Order affirmed.