## THE SHERMAN CENTER TOWN COMPANY v. J. R. MORRIS.

1. CORPORATION — *Contract* — *Ultra Vires.* A corporation which has enjoyed the benefits of a contract cannot plead that it was *ultra vires*, where no fraud is intended or has been committed.

2. CHARTER — *By-Law* — *Contract, Not Annulled.* A provision in a charter of a private business corporation that "the indebtedness of the company shall not exceed $500 at any one time," must be regarded as merely a by-law, and therefore directory only. Such a provision will not annul a contract of which the corporation has enjoyed the benefit.

*Error from Sherman District Court.*

THE opinion states the case. Judgment for plaintiff *Morris,* on May 18, 1887. The defendant *Company* brings the case here.

*J. H. Sterling,* for plaintiff in error.

*J. W. Lewis,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: J. R. Morris recovered a judgment against the Sherman Center Town Company for $1,304.85, with interest and costs. This judgment is complained of by the town company. The principal grounds of defense are, that the written contract was not authorized by the board of directors of the town company, and also that it is *ultra vires.* The company is a corporation organized under the laws of the state for "the purchase of lands, the surveying and platting of

town-sites, selling lots and other lands." The charter also provides that "the indebtedness of the company shall not exceed $500 at any one time." The number of directors of the company was seven, and at the time of the execution of the contract D. G. Clark was the president, and Samuel J. Gandy the secretary. The contract related to the purchase of a stock of general merchandise valued at $1,904.22. It was executed in the name of the company, signed by its president and secretary, with the seal of the company attached. Before this action was brought, the contract had been fully complied with on the part of the seller, and all the purchase-price paid but $1,304.22, the balance sued for. The case was tried before the court without a jury, and a general finding made in favor of Morris against the town company.

The rule is, that a corporation has no powers except such as are granted or necessarily implied by its charter. If we could ascertain from the testimony that the town company had not received the benefit or proceeds of the merchandise purchased by its president and secretary, we would have no hesitation in saying that the plaintiff below was not entitled to recover. It does not appear from the charter that the corporation had any authority or power to engage in buying and selling general merchandise. It appears, however, from the testimony, that, at the time the contract was executed, the stock of merchandise was at Voltaire, in Sherman county. After the contract was executed and a part of the purchase-money paid, the merchandise was removed from Voltaire to Sherman Center, where the business of the town company was carried on, and where a majority of the directors of the company reside. There is testimony tending to show that the company sold the merchandise and appropriated its proceeds to its own use and benefit. The town company did not show, or offer to show, that the president and secretary of the company purchased or received the merchandise for their own use and benefit, or that they applied the proceeds to their own use and benefit. The general rule is, that where a contract executed by a corporation is *ultra vires*, and the corporation

received the money or property paid upon such contract, the money or the value of the property may be recovered to prevent injury resulting from the application of *ultra vires* upon a corporate contract, if no fraud is intended or has been committed.

"After a corporation has enjoyed the benefit of a contract, or other arrangement, made in good faith with any of its regular agents, it is but fair that every reasonable presumption should be made in order to hold the transaction binding upon the company. Under these circumstances, the acquiescence of the shareholders may often be presumed." (2 Mor. Corp., § 632.)

While an executory contract made by a corporation without authority cannot be enforced, yet where the contract has been executed and the corporation has received the benefit of it, the law interposes an estoppel, and will not permit the validity of the contract to be questioned. (*Durham v. Mining Co.*, 22 Kas. 169; *Kennedy v. Bank*, 7 Neb. 59; *Rich v. Bank*, 7 id. 201; *Association v. Martin*, 39 Kas. 750; *White v. Bank*, 39 Mass. 181; *Allegheny City v. McClurkam*, 14 Pa. St. 81.) Where a contract results to the benefit of a corporation, very slight evidence of acquiescence or application will be sufficient to give it validity. (*Getty v. Milling Co.*, 40 Kas. 281, 287.)

We think that the limitation of $500 in the charter of the corporation cannot be regarded of any more force than a by-law. The statute of the state provides that the charter of an ordinary private corporation shall set forth the amount of its capital stock, but does not require its indebtedness shall have other limit. Therefore the limitation of $500 is for the direction of the officers and agents of the corporation, and may be considered directory only. It does not annul the contract.

" Where the corporation has had the benefit of an act performed by an agent in disregard of a mere formality, slight evidence will usually be sufficient to establish ratification by the shareholders, or an estoppel by reason of laches." (2 Mor. Corp., § 634; Angell & A. Corp., § 264; *Bates v. Bank of Alabama*, 2 Ala. 462; *Bond v. Bank of Georgia*, 2 Ga. 92.)

The other alleged errors are not sufficiently material or important to comment upon. The judgment of the district court will be affirmed.

All the Justices concurring.