[No. 995.   September 2, 1893.]

SYLLABUS BY THE COURT.

HARRY RANKIN et al., Appellants, v. SOUTHWEST-
   ERN BREWERY AND ICE COMPANY, Appel-
   lee.

A stockholder of a corporation cannot restrain payment for benefits received by his corporation under contracts which swell the debts of the corporation beyond the amount of its capital stock.

Error to the district court of Bernalillo county, before BENJAMIN S. BAKER, Associate Justice. Affirmed.

Rankin v. Brewery & Ice Co.

W. B. CHILDERS for appellants.

The provisions of the statute making directors liable for the debts of corporations, contracted in excess of their capital stock, being in derogation of the common law and highly penal, are to be strictly construed, and the penalty provided in such statutes can be enforced only when the party seeking to impose it has brought himself within every requirement, and the statutory provisions will not be extended by intendment.

> Allison v. Canal Company, 87 Tenn. 60, 9 S. W. 226; Tradesman Co. v. Knoxville, etc., Co., 95 Tenn. 634, 32 S. W. 1097, 31 L. R. A. 593; Webster v. Whitmore (Tenn.), 63 S. W. 290, 293; Irvine v. McKeon, 23 Cal. 472; Kritzer v. Woodson, 19 Mo. 327; Underhill v. Santa Barbara Co., 28 Pac. 1050; Cook on Corporations, secs. 714 and 218; Sells v. Rosedale, etc., Co. (Miss.), 17 So. 337.

Our statute provides that in case of any excess, the directors shall in their individual and private capacity, be liable, jointly and severally to the corporation, and in the event of its dissolution, to any of the creditors thereof, for the full amount of such excess.

> Compiled Laws N. M. 1897, sec. 429; Thompson on Corporations, secs. 4264, 4265 and 4271.

As bearing upon the same statute and the liabilities thereunder see:

> Allison v. Coal Co., 87 Tenn. 60, and other authorities first above cited.

O. N. MARRON and MCMILLAN & RAYNOLDS for appellee.

If the amount which the corporation is authorized to borrow is limited by its charter either expressly or impliedly, it has no power to extend that limit. In

some cases it can not set up the limitation and defeat an action on the implied contract to repay; but an excessive borrowing is nevertheless *ultra vires.*

7 Am. and Eng. Ency. Law, 775.

A bank loaning a corporation more money than its recorded articles empower it to borrow, does so at its peril, and its claim against the assignee would be allowed, only to the amount which the corporation was entitled to borrow.

First Nat. Bk. of Covington v. D. Keefer Mill Co. (Ky.), 23 So. 675; 2 Morv. on Private Corporations, sec. 591, 592; Commonwealth v. Lehigh Ave. Ry. Co., 129 Pa. St. 414.

This limitation on corporations is strictly enforced in England.

7 Am. and Eng. Ency. Law, 775, note 5, and cases cited; Underhill v. Santa Barbara Land, etc., Co. (Cal.), 28 Pac. 1050.

The doctrine of estoppel has no application.

Auerbach v. Le Sueur Mill Co., 9 N. W. 799, 28 Minn. 291; Alice v. Jones, 45 Fed. 148; Ry. Co. v. McCarthy, 96 U. S. 258; 2 Cook on Corporations, secs. 728-745.

The remedy in such cases is by injunction as to the specific act.

4 Thompson, Comm. on Corporations, secs. 4517-4521; Zabriskie v. Cleveland, etc., Ry. Co., 23 Howard 395; Gifford v. New Jersey Railroad, 10 N. J. Equity 171; Pond v. Vt. Val. R. Co., Fed. Cases No. 11,265; Marsh v. Ry. Co., 77 Am. Dec. 732.

OPINION OF THE COURT.

PARKER, J.—This was a bill filed by plaintiffs as stockholders in the defendant corporation to restain the majority of the board of directors from ratifying a contract for the purchase of an ice machine theretofore pur-

chased by the president under a supposed power con-
ferred at a void directors' meeting as well as to ratify
contracts with certain other persons.   Defendants de-
murred to the bill which was sustained, and, the plain-
tiffs declining to plead further, the bill was dismissed.
Plaintiffs attack the decree upon the sole ground that
the debts of the corporation proposed to be ratified swell
the debts of the corporation beyond its capital stock in
violation of section 429, Compiled Laws, 1897, which is
as follows:

"Section 429.   The total amount of the debts of the
corporation shall not at any time exceed the amount of
the capital stock; and in case of any excess, the direc-
tors under whose administration the same may have hap-
pened, except those who may have caused their dissent
therefrom to be entered at large on the minutes of the
board of directors at the time, and except those not
present when the same did happen, shall, in their indi-
vidual and private capacities, be liable jointly and sev-
erally, to the said corporation, and in the event of its
dissolution, to any of the creditors thereof, for the full
amount of such excess."

The bill was filed July 2, 1902.   It is alleged that
the ice machine cost under the contract about $14,000,
and had been erected, or partially erected, by defendant
corporation; that defendants had contracted with Anson
& Holman for a building for the ice machine and its
products at a cost of $11,400, $9,100 of which was then
due; and had contracted with an architect to super-
intend the work of construction.   It is further alleged
that the corporation had borrowed $18,403.52 from the
First National Bank of Albuquerque with notice on the
part of the bank that no authority had been given to
make any of these contracts by any valid meeting of
the board of directors, and notice that most of said
money was to be used to pay for the ice machine.   Notice
on June 24, 1902, was given in writing to all these cred-
itors of the excessive character of the indebtedness

sought to be incurred. Under these circumstances, can the bill be maintained? It appears that these various creditors had all practically performed their part of the contracts, and that the corporation had received the benefits of the same. The formal ratification of the contracts is of no moment and amounts simply to making arrangements for the payment of demands for benefits already received. The creditors are made parties, and the transactions are to be viewed in the same light as if these creditors were seeking recovery for their respective demands. The notice to creditors of June 24, 1902, is of no force for, so far as can be gleaned from the bill, the contracts had already been performed at that time. The only exception is in the case of the bank, in which notice is alleged to have been had at the time of the loan of the questionable character of the purchase of the ice machine. But we do not see how this can avail. If the corporation was in such position as to be compelled to pay for the ice machine, as undoubtedly it was, it certainly had the right to borrow money to pay the obligation. If the contracts are *ultra vires* their ratification can neither add to, nor detract nothing from the liability of the corporation or the rights of creditors, there being no allegation that they are to be ratified for more than the value of the benefits received by the corporation.

It becomes unnecessary, therefore, to determine the exact scope and meaning of the section of the statute quoted as applied to all cases, but simply to determine its effect when rights of creditors are involved. It may possibly be well contended that a stockholder might restrain a threatened violation of the statute, but no such question is before us and we do not decide it. Here the act has been done, the benefits received by the corporation and the rights of the creditors are complete without notice of the infirmity of their contracts. Under such circumstances the corporation can not take advantage of the fact that the contract is *ultra vires,* if, indeed it is, and consequently the stockholder can not enjoin

payment for benefits received by the corporation. Central Transp. Co. v. Pullman's Palace Car Co., 139 U. S. 24; Webber v. Spokane Nat. Bank, 64 Fed. 208; M'fg. Co. v. Cannery, 54 N. H. 295; Sewing Machine Co. v. Best, 30 Hun (N. Y.) 638; Auerbach v. Mill Co., 28 Minn. 291; Wood v. Waterworks Co., 44 Fed. 146; Humphrey v. Mercantile Ass'n, 50 Iowa 607; Underhill v. Land Co., 28 Pac. 1050; Garrett v. Plow Co., 70 Iowa 697; Town Co. v. Morris, 43 Kan. 282; Town Co. v. Russell, 46 Kan. 382; Warehouse Co. v. Trust Co., 82 Fed. 124; 7 Am. and Eng. Ency. Law (2 Ed.), 769; Morawets, Corp., secs. 689, 695-6; Cook, Corp., 760. Not all the cases cited are exactly in point but all are based upon the principle stated.

It follows, therefore, that the decree of the lower court was correct and should be affirmed, and it is so ordered.

Mills, C. J., and McFie, A. J., concur.