D. S. ERB v. ANTHONY YOERG, Assignee.[1]

May 20, 1896.

Nos. 10,040—(131).

**Sale—Insolvency of Buyer—Evidence.**

> The vendor of goods sold on credit brought replevin for them, on the claim that they were purchased by the vendee corporation when it was insolvent, and knew it was, and that it purchased them with intent not to pay for them. At the close of the trial, the court, without objection or exception by either party, struck out all of the evidence of the insolvency of the vendee, and found for defendant. *Held*, the remaining evidence would sustain no other finding.

**Purchase by Corporation—Ultra Vires—Estoppel.**

> Even though the purchase by the vendee corporation was ultra vires, it is estopped, after it has received the goods, from denying its liability to pay for them; and the vendor cannot afterwards rescind the sale by reason of the ultra vires character of the contract. Even though a certain statute made the entering into such an ultra vires contract punishable as a crime (which is not decided), it would not be a ground for the rescission of such a completed sale.

Appeal by plaintiff from an order of the district court for Ramsey county, Charles D. Kerr, J., denying a motion for a new trial. Affirmed.

*Pinch & Whaley*, for appellant.

The corporation was prohibited from appropriating funds or directing its operations to any other purpose than expressed in its articles of incorporation. G. S. 1894, § 2807. A violation of this provision is punishable by fine and imprisonment. G. S. 1894, §§ 2793, 2796. It was prohibited from purchasing the cigars or appropriating money to pay for them. National Inv. Co. v. National S. L. & B. Assn., 49 Minn. 517, 52 N. W. 138; Delaware F. M. F. Ins. Co. v. Wagner, 56 Minn. 240, 57 N. W. 656. The contract was void. Solomon v. Dreschler, 4 Minn. 197 (278); Ingersoll v. Randall, 14 Minn. 304 (400); Bisbee v. McAllen, 39 Minn. 143, 39 N. W. 299; Handy v. St. Paul Globe Pub. Co., 41 Minn. 188, 42 N. W. 872. No title passed. Benjamin, Sales, §§ 503a, 504, note c. The assignee

[1] Reported in 67 N. W. 355.

stands in the same position as the corporation. Davis v. Stewart, 8 Fed. 803, Either party may withdraw so long as no injustice results. 2 Morawetz, Priv. Corp. §§ 685, 689; Spring Co. v. Knowlton, 103 U. S. 49.

*O. E. Holman*, for respondent.

A transfer of property to or by a corporation may not be set aside simply on the ground that it was unauthorized on the part of the corporation; in such cases, the state alone may object. 27 Am. & Eng. Enc. Law, 377, and authorities cited in note; 2 Morawetz, Priv. Corp. § 689, et seq.; Whitney Arms Co. v. Barlow, 63 N. Y. 62. The contract having been executed on one side is binding. See 2 Morawetz, Priv. Corp. §§ 698–701.

CANTY, J. On January 21, 1894, the Ware Tobacco Works, a corporation organized under the laws of this state, ordered from plaintiff 10,000 cigars, for the price of $500, to be paid for in four months. On March 8, plaintiff shipped the cigars from Boyertown, Pennsylvania, to the Tobacco Works at St. Paul, Minnesota, where it received them on March 23. On the next day, March 24, 1894, it made a deed of assignment to the defendant, for the benefit of its creditors, under the insolvency law of 1881,[2] which deed was filed March 27; and the assignee then qualified and entered on the discharge of his duties. This is an action of replevin, brought to recover possession of 9,500 of the cigars in the hands of the assignee. On the trial before the court, without a jury, the court found for defendant. From an order denying a new trial, plaintiff appeals.

Appellant sought to recover on two grounds:

1. One of the grounds on which he sought to recover is that, when the tobacco works purchased the cigars, it was insolvent, knew itself to be insolvent, and purchased with intent not to pay for the cigars. Outside of the facts above stated, the only evidence offered by appellant on the trial to prove such insolvency was Exhibit E, "the schedule filed in the matter of the assignment of the Ware Tobacco Works," and Exhibit F, being the book of its "sales account." These were received subject to the objection of

[2] Laws 1881, c. 148.

defendant. Thereupon plaintiff rested, and the settled case then states: "Upon the trial of the case, the court, without objection by plaintiff, struck out the evidence introduced by plaintiff to show insolvency, including plaintiff's Exhibits E and F." Whether this evidence, or any of it, was properly stricken out, is a question that is not before us. But see Hahn v. Penney, 60 Minn. 487, 62 N. W. 1129. With all the evidence as to insolvency stricken out, it is hard to see how appellant could recover on this ground.

2. The other ground on which he sought to recover is that, under its articles of incorporation, the tobacco works had no authority to purchase cigars; that its attempted purchase was ultra vires, and punishable under G. S. 1894, § 2793, as a "diversion of corporate property to other objects than those specified in the articles." Whether this statute has any application to such a purchaser as this it is unnecessary to consider. This plea of illegality is a shield, not a sword; a defense, not a ground for affirmative relief. If the transaction was illegal, the law simply leaves the parties where it finds them. By its articles of incorporation, the general nature of the business of the tobacco works is "the manufacture of tobacco." Conceding that the contract of purchase in this case was ultra vires, and, while executory on both sides, void, still, as the tobacco works retained the goods purchased, it was estopped from denying its liability to pay for them. Central B. & L. Assn. v. Lampson, 60 Minn. 422, 62 N. W. 544. Of course, if the tobacco works is estopped, so is its assignee. It therefore follows that appellant is not injured by the ultra vires character of the transaction, and is not at liberty to rescind.

This disposes of the case, and renders it unnecessary to consider the effect of the filing with the assignee, and allowance, of appellant's claim for the price of the cigars, and his failure to have such allowance set aside, and to withdraw the claim, after he discovered the alleged fraud in the purchase of the goods.

Order affirmed.