### WILLIAM F. HUNT v. HAUSER MALTING COMPANY.[1]

July 24, 1903.

Nos. 13,503—(180).

**United States Supreme Court.**

While a state court is bound by the decisions of the United States Supreme Court as to the powers of national banks, the application of such decisions to a state bank, in a case brought in the state courts, is to be determined by state decisions.

**Domestic Manufacturing Corporation—Ultra Vires.**

Where a corporation of this state, organized for the manufacture of malt, as well as to buy and sell grain and brewing implements, purchased bank stock and held the same a number of years as an investment for profit, its acts in this respect were unlawful and beyond the authority of the power conferred upon it by its articles of incorporation.

**Estoppel.**

But, after having received dividends for a number of years upon its stock investment with the knowledge of all the stockholders, the malting company is estopped from asserting its ultra vires acts, in purchasing the stock, in a suit to recover a stockholder's liability under Laws 1899, c. 272, brought by the receiver of a bank which had become insolvent.

[1]Reported in 96 N. W. 85.

Appeal by plaintiff from an order of the district court for Ramsey county, Brill, J., sustaining a demurrer to the complaint. Reversed and remanded.

*James E. Trask,* for appellant.

*Stevens, O'Brien & Albrecht,* for respondent.

LOVELY, J.

This appeal is from an order sustaining a demurrer to the complaint in an action brought by the receiver of the insolvent Allemannia Bank under the statute (Laws 1899, p. 315, c. 272). The plaintiff alleged that defendant was a corporation, the general nature of whose business was

> "The manufacture and sale of malt, buying, selling and dealing in hops, barley, and other grains * * * and dealing in * * * the utensils, apparatus, implements, articles, and materials used by brewers in equipping and operating breweries and * * * brewery supplies."

Defendant demurred upon the ground that the complaint did not state facts sufficient to constitute a cause of action, which was sustained upon the authority of California Bank v. Kennedy, 167 U. S. 362, 17 Sup. Ct. 831. In this case the supreme court of the United States reversed the decision of the supreme court of California in Kennedy v. California, 101 Cal. 495, 35 Pac. 1039. The state court held that the California National Bank was estopped to assert the doctrine of ultra vires in its favor when sought to be charged as a stockholder in the California Savings Bank, because it not only purchased and held its stock but had received dividends thereon. Upon a review of the decision of the state court, the federal tribunal of last resort decided that an investment in the stock of another banking concern was beyond its power and unauthorized, and that the participation in the benefits derived therefrom did not prohibit the purchaser from asserting immunity from liability as a stockholder.

While an effort was made on the argument of this case to distinguish the decision in the federal tribunal from the case at bar, we agree with the learned trial court that it is not easy to do so; but we are not prepared to hold that we are bound to follow the rule laid down in

California Bank v. Kennedy, supra, without reference to our own decisions or those of other respectable courts which have adopted a contrary view; for, as was recently very pertinently said by the Supreme Court of Wisconsin in passing upon the question here involved, in considering the diversity of opinion between its own decision and the rule in the Kennedy case: "This court would unquestionably be bound to follow the holding of the Supreme Court of the United States as to the powers of national banks—this is strictly a federal question—but on the other hand, upon the question of the effect or application of such holding as a defense in a given case properly brought in the state courts, this court may properly follow its own decisions, even when differing from the decisions of the federal courts. Such questions are not federal questions." Security v. St. Croix (Wis.) 94 N. W. 74.

It is not disputed in this case that under the articles incorporating defendant it was not authorized to purchase or deal in the stock of the Allemannia Bank, although it was conceded that but for this violation of its chartered obligations the stockholders' assessment was properly made, and that a private person would have been responsible upon the statutory liability under the facts set forth in the complaint. It is within the allegations of the challenged pleading admitted by the demurrer that the Allemannia Bank stock was purchased by defendant in 1890; that during a subsequent period of thirteen years prior to the commencement of this action defendant treated it as an investment, and held it as its property, upon the expectation of benefits to be derived from such holding, during which time it remained on the books of the bank as a part of its assets, with the knowledge and consent of all its stockholders. It also appears from the complaint that six semiannual dividends were paid the defendant before the Allemannia Bank became insolvent, which were retained, thereby diminishing the corporate property of the bank, which otherwise might have been appropriated in liquidation of claims against it, though defendant now seeks to assert its own illegal acts to relieve itself from the responsibility which the law in express terms imposes upon all stockholders.

It would follow, where the illegal act is not inherently wrong though malum prohibitum, that defendant should be estopped from asserting its misconduct in violating its charter duties when the rights of third

parties and the public intervene or become affected thereby. The strongest reasons which equity and conscience suggest should prevent it, after availing itself of the substantial advantages it had derived from its investment, from repudiating the liability sought to be imposed.

Assuming, as we must, that the defendant had no right to purchase the stock, it was open to the stockholders to repudiate such action when they heard if it, or for the state to interfere; but under the allegations of the complaint these acts were adopted and ratified by defendant's officers and stockholders, and we are unable to find any good argument, resting upon just considerations of fair play and common honesty, which should relieve it from the burdens it would not have incurred but for its own wrongful conduct.

It was held by this court in an early case that a corporation is a being created by law, and has properly no authority but such as is conferred upon it, expressly or by implication, by the law of its creation, yet it may become legally bound to observe and perform contracts which it had no authority to enter into. The ends of justice may require, as in this case, that the corporation which has exceeded its powers should be estopped by its own acts from pleading, in defense of its assumed obligations, that they were ultra vires. Auerbach v. Le Sueur Mill Co., 28 Minn. 291, 297, 9 N. W. 799. This view is further recognized and enforced in subsequent cases in this court, which would seem to justify the claim of the receiver in his attempt to apply the rule of estoppel against the attempt of defendant to relieve itself of the liability sought to be enforced in this action. Central B. & L. Ass'n. v. Lampson, 60 Minn. 422, 62 N. W. 544; Erb v. Yoerg, 64 Minn. 463, 67 N. W. 355; City of Fergus Falls v. Fergus Falls Hotel Co., 80 Minn. 165, 83 N. W. 54.

We therefore deem it our duty to hold upon the facts well pleaded in the complaint in this action, which are admitted by the demurrer, that the defendant must be held to be estopped from denying its statutory liability to contribute to the liquidation of the debt of the insolvent bank upon the distinctive ground that it could not avail itself of the advantages which it derived thereby, and, when the day of misfortune arrived, shirk the responsibility which it voluntarily assumed. To allow it to do so would seem to encourage the execution of a fraud and

sanction a wrong opposed to the well-considered adjudications of this court and the highest behests of natural justice.

The decisions are not in harmony upon the views we are compelled to adopt, but after a careful examination of the grounds upon which the decision in California Bank v. Kennedy, 167 U. S. 362, 17 Sup. Ct. 831, is predicated, we are constrained to adhere to our own settled policy upon the subject, which is supported by authorities of the highest weight and respectability. Kennedy v. California Bank, supra; Security v. St. Croix, supra; Bradley v. Ballard, 55 Ill. 413; Beecher v. Marquette, 45 Mich. 103, 7 N. W. 695; Whitney v. Barlow, 63 N. Y. 62, 69; Camden v. May's Landing, 48 N. J. L. 530, 7 Atl. 523; Rich v. State, 7 Neb. 201; Sherman v. Swigart, 43 Kan. 292, 23 Pac. 569; Manchester v. Concord, 66 N. H. 100, 20 Atl. 383; National v. Porter, 125 Mass. 335; Tourtelot v. Whithed, 9 N. Dak. 467, 84 N. W. 8; Matt v. Roman Catholic, 70 Iowa, 455, 30 N. W. 799; Flint v. Kerr-Murray, 24 Ind. App. 350, 56 N. E. 858.

Order overruling demurrer is reversed, and cause remanded.