# FARMERS & MECHANICS SAVINGS BANK v. CROOKSTON STATE BANK.[1]

December 3, 1926.

No. 25,567.

**Guaranty of mortgage note negotiated by state bank ultra vires.**

1. An agreement by a state bank which submits proposed farm mortgage loans to a lender, receiving its commission from the borrower, that it will take the mortgages if within a year it is found that the application was not correct as to character of land or improvements, is ultra vires; and a subsequent guaranty of such a note, given upon complaint of the lender that the land was not as represented, is ultra vires.

**And contrary to public policy.**

2. Such an agreement is contrary to public policy.

**No estoppel against bank because it received a commission.**

3. By accepting a commission from the borrower the bank did not estop itself to assert that the agreement was ultra vires; and such agreement, being contrary to public policy, there was no estoppel.

Banks and Banking, 7 C. J. p. 595 n. 9; p. 596 n. 11, 15 New, 22 New. Contracts, 13 C. J. p. 506 n. 83.
Corporations, 14a C. J. p. 585 n. 82.

See 3 R. C. L. 425; 1 R. C. L. Supp. 824; 4 R. C. L. Supp. 185; 6 R. C. L. Supp. 179.

[1]Reported in 210 N. W. 998.

Plaintiff appealed from an order of the district court for Polk county, Watts, J., denying its motion for a new trial. Affirmed.

*Roberts, Strong, Myers & Covell* and *Alexander Fosmark,* for appellant.

*W. E. Rowe* and *O'Brien & Sylvestre,* for respondent.

DIBELL, J.

Action upon a guaranty by the defendant of a note made by one Weldon to the Minnesota Loan & Trust Company and assigned to the plaintiff. There were findings for the defendant and the plaintiff appeals from the order denying its motion for a new trial.

1. On February 13, 1918, the officers of the defendant delivered to the Minnesota Loan & Trust Company an instrument in the following form:

"Crookston State Bank, Crookston, Minn.
"February 13th, 1918.

"For Value Received, The undersigned promises The Minnesota Loan and Trust Company of Minneapolis, Minnesota, that if, at any time within one year from the consummation of any loan submitted through the undersigned, it is found that the borrower, the land, buildings or improvements are otherwise than as represented in the application submitted, then the undersigned will forthwith, upon request, take from said company any such loan paying therefor in cash its face value with accrued interest.

"Crookston State Bank,
"By J. A. Northrup, President.
"L. L. Foskett, Cashier.
"J. A. Northrup,
"L. D. Foskett."

On September 25, 1918, the defendant submitted an application made by Weldon to the trust company for a loan of $4,000 to be secured by a mortgage upon his farm. The trust company accepted it. The defendant bank was in the position of a broker. It received from Weldon $125 for its commission or services. The note and the mortgage were not a part of the bank's assets.

Later and within the year the trust company asserted that the land and buildings were not as represented in Weldon's application and suggested that the bank take the note and mortgage pursuant to the agreement of February 13, 1918. The matter was finally settled by the bank, under date of August 9, 1920, guaranteeing the note. The note and mortgage were renewed and under date of December 26, 1923, the bank agreed that its former guaranty should stand as a guaranty of the renewal note. There was no consideration for either of the agreements except the liability of the defendant on its original undertaking which we have quoted.

The agreement of February 13, 1918, was ultra vires. A state bank is without granted or incidental power to make such contract, nor is it authorized to guarantee notes in which it is not interested. See Farmers & Merchants Nat. Bank v. Smith, 23 C. C. A. 80, 77 F. 129; Grow v. Cockrill, 63 Ark. 418, 39 S. W. 60, 36 L. R. A. 89; Pollock v. Lumberman's Nat. Bank, 86 Ore. 324, 168 Pac. 616, L. R. A. 1918B, 402; First Nat. Bank v. Hock, 89 Pa. St. 324, 33 Am. Rep. 769; Bowen v. Needles Nat. Bank (C. C.) 87 F. 430; Bowen v. Needles Bank, 36 C. C. A. 553, 94 F. 925; Commercial Nat. Bank v. Pirie, 27 C. C. A. 171, 82 F. 799; Farmers & M. Bank v. Butchers & D. Bank, 16 N. Y. 125, 69 Am. Dec. 678; American Exp. Co. v. Citizens State Bank, 181 Wis. 172, 194 N. W. 427. This holding is not out of harmony with the holding that a bank may guarantee a note upon the sale of it. Central Met. Bank v. Chippewa County State Bank, 160 Minn. 129, 199 N. W. 901; Beyl v. Swanson, 165 Minn. 278, 206 N. W. 453; First State Bank of Odessa v. First State Bank of Correll, 165 Minn. 285, 206 N. W. 459; People's Bank v. Manufacturers' Nat. Bank, 101 U. S. 181, 25 L. ed. 907. In making such a guaranty a bank is within its corporate powers however bad its policy may be in guaranteeing long time mortgages.

2. We go farther. A transaction such as is before us is contrary to public policy. A state bank is charged with duties to the public. It is more than a mere private corporation for pecuniary profit. Because of its relation to the public the state supervises its activities. Eberlein v. Stockyards M. & T. Co. 164 Minn. 323,

204 N. W. 961; Craughwell v. Mousam River Trust Co. 113 Me. 531, 95 Atl. 221; American Exp. Co. v. Citizens State Bank, 181 Wis. 172, 194 N. W. 427; Farmers & M. Bank v. Butchers & D. Bank, 16 N. Y. 125, 69 Am. Dec. 678; Nassau Bank v. Jones, 95 N. Y. 115, 47 Am. Rep. 14; Gause v. Commonwealth Tr. Co. 196 N. Y. 134, 89 N. E. 476, 24 L. R. A. (N. S.) 967.

It is not conceivable that a bank in the practice of sound banking principles, in maintaining the stability which its duties to its depositors and the public demand, can contract to retake loans which it has submitted from borrower to lender and for which it receives from the borrower a commission. Recent experience indicates the intolerable risk to depositors and the public of similar practices. That a contract is against public policy should not be held lightly. 3 Williston, Cont. §§ 1629-1630. But such a contract as that before us is unauthorized, is in defiance of safe banking, and tends to bring financial suffering and distress to the depositors of the bank and to the public who cannot escape the general result though without contractual relations with the bank. Neither bank nor trust company could fail to see the evil tendency of the unauthorized contract. The cases first cited in this paragraph tend to support the conclusion we reach. And see Seitz v. Michel, 148 Minn. 80, 181 N. W. 102, 12 A. L. R. 1060.

3. The plaintiff claims that the defendant is estopped from asserting the invalidity of the guaranty because it received a commission. We have adopted the general rule that a corporation may be estopped to assert the invalidity of ultra vires contracts by participating in their benefits. Hunt v. Hauser Malting Co. 90 Minn. 282, 96 N. W. 85; Id. 95 Minn. 206, 103 N. W. 1032. In these cases the court declined to follow the Federal holding in California Bank v. Kennedy, 167 U. S. 362, 17 Sup. Ct. 831, 42 L. ed. 198, to the effect that a corporation was not estopped to deny the validity of an ultra vires contract. That case is typical of a line of cases so holding. We have not had a case involving the question whether a bank is estopped. In the California bank case there was involved a national bank, and our state banking act is modeled upon the national bank-

ing act. It has been our endeavor to keep in harmony with the holdings of the Federal court relative to national banks. Slette v. Larson, 125 Minn. 263, 126 N. W. 1093; Devney v. Harriet State Bank, 145 Minn. 339, 177 N. W. 460. Whether we should conform our holding as to estoppel, when sought to be applied to state banks, to the Federal holding under the national banking act we need not decide. The situation here does not compel a holding that the bank, because it was paid a commission of $125 by the borrower, is estopped to assert the invalidity of its contract with the trust company.

Besides, our holding is that there is no estoppel to assert the validity of a contract which is against public policy. Seitz v. Michel, 148 Minn. 80, 181 N. W. 102, 12 A. L. R. 1060. The supporting cases are there cited. If there is ever an exception to the rule, this is not one.

Order affirmed.