## GEORGE H. PERKINS *vs.* THOMAS J. THORSON.

Argued May 11, 1892.  Decided May 24, 1892.

Practice—Request to Direct a Verdict.

> A request, made on a particular ground, to direct a verdict, does not present for decision any question of law not raised by the ground stated.

Evidence.

> Evidence *held* to sustain the verdict.

Appeal by defendant, Thomas J. Thorson, from an order of the District Court of Hennepin county, *Smith,* J., made July 18, 1891, denying his motion for a new trial.

The plaintiff, George H. Perkins, for a cause of action, stated that H. K. Pratt, Hugh H. Miller, T. B. Holcomb, Chas. F. Gilman, and James Francis, on June 1, 1887, sold and conveyed to defendant ten building lots in Wildwood addition to Minneapolis, for $2,500; he paid down $1,000 and assumed mortgages on the lots for $779.39, and agreed orally to pay $720.61 more two years thereafter, with interest thereon.   That this sum was due and unpaid, and that Pratt and associates had orally assigned the demand to him.   Defendant admitted the purchase, and that he had paid $1,000 thereon, and assumed the mortgages, but he denied that he promised to pay any more for the property, and denied the assignment to plaintiff.

The action was tried April 29, 1891.   On the trial plaintiff introduced in evidence an assignment made July 19, 1887, by H. K. Pratt, Chas. F. Gilman, and James Francis, of all their unexempt property to John Day Smith, under Laws 1881, ch. 148, in trust for the benefit of their creditors.   He also introduced Smith's acceptance of the trust.   There was evidence tending to show that the five grantors owned a large number of lots and sold them out, partly on credit; and that Miller transferred his interest in the securities to Holcomb; and that Smith as assignee divided the claims with Holcomb; that this claim was among those taken by Holcomb; and that Holcomb assigned it to plaintiff.   No note or memorandum of these transfers of this claim against defendant was made in writing.   When the ev-

idence was in, defendant asked the Judge to instruct the jury to return a verdict for the defendant, on the ground that plaintiff had not shown that he had succeeded to the rights of the grantors in the deed to defendant, (the parties to the alleged contract,) so as to maintain this action.    The jury rendered a verdict for plaintiff, and assessed his damages at $918.15.    Defendant moved the Court for a new trial, and being denied, he appealed.

*Ueland & Holt,* for appellant.

*Spooner & Taylor,* for respondent.

GILFILLAN, C. J.    The court below at the trial did not decide, and was not called on to decide, the question presented in the first assignment of error, to wit, that the agreement sued on was or was not within the statute of frauds.    The request to direct a verdict for defendant did not present it, for it was distinctly put on the ground that plaintiff had not shown that he had succeeded to the rights of the original parties to the agreement.    Evidently the cause was tried on the theory that the agreement was valid.    Where there can be but one finding as to the fact, a motion for a new trial on the ground that the evidence does not sustain the general verdict will raise the question of law presented by the facts as the jury were required to find them.    But there is no assignment of error to the effect that the court erred in holding the verdict sustained by the evidence, and we cannot, therefore, consider the point.

The nature of the transaction by which, as plaintiff claims, the rights of the original payees in the agreement passed to plaintiff does not very clearly appear from the evidence; but there is enough to justify the jury in finding that the parties were interested in certain real estate and in this claim, and that they made a division of the property by which this claim was passed to plaintiff as a part of his share in the division.

In such a division, nothing to the contrary appearing, it must be assumed that whatever is surrendered by one to the others is the full consideration for what he receives.    The jury might therefore find that the plaintiff paid the full consideration for the assignment of the claims to him.    As the assignments could come under no other

provision of the statute of frauds than 1878 G. S. ch. 41, § 7, it is taken out of the statute by payment of the consideration.

No other assignment of error need be specifically referred to.

Order affirmed.