## JOHN L. CALDWELL v. FIRST NATIONAL BANK OF LAKEFIELD.[1]

October 9, 1925.

No. 24,692.

**Assignment of error sufficient.**

1. On appeal from an order denying a new trial, an assignment of error that the verdict is not justified by the evidence, based upon a like assignment in the motion for a new trial, is specific enough to present the question whether the verdict is sufficiently supported by the record.

[1]Reported in 205 N. W. 282.

**When national bank cannot assert defense of ultra vires.**

2. In an action for a tort committed by officers of a national bank, acting within the apparent scope of their duties as such, the bank cannot assert the defense of ultra vires.

**Jury's finding sustained by evidence.**

3. The evidence justified the jury in finding that plaintiff had the right to believe that the officers of defendant were dealing with him in its behalf, when induced to purchase a fourth mortgage under the representation, that it was a second mortgage.

**Qualification of witness to testify as to value.**

4. Whether a witness has been shown qualified to give an opinion as to value of property is largely within the control of the trial court, and no abuse of discretion appears in holding the witness Eppland qualified.

**No error in admission of documentary evidence or in charge.**

5. No reversible error is found in the admission of the letters and documentary evidence in the record, nor in the parts of the charge upon which errors are assigned.

1. See Appeal and Error, 3 C. J. p. 1373, § 1522.
2. Banks and Banking, 7 C. J. p. 561, § 167.
3. Banks and Banking, 7 C. J. p. 544, § 151.
4. See Evidence, 22 C. J. pp. 526, § 610; 696, § 787.
5. See Appeal and Error, 3 C. J. p. 846, § 752; Evidence, 22 C. J. p. 903, § 1106.

Action in the district court for Jackson county. The case was tried before Dean, J., and a jury which returned a verdict in favor of plaintiff. Defendant appealed from an order denying its motion for a new trial. Affirmed.

*F. B. Kalash* and *Wilson Borst,* for appellant.

*Richardson, Green & Wattam, O. Thoreson* and *James A. Garrity,* for respondent.

HOLT, J.

Action to recover damages for representing a note and mortgage bought by plaintiff as a second mortgage when in truth it was a

fourth mortgage. Plaintiff had a verdict, and defendant appeals from the order denying a new trial.

The defendant is a national bank at Lakefield, Minnesota, organized by James C. Caldwell in 1907, he being its president and so continuing until 1922. He was a half brother of plaintiff's father. The two grew up in the same place in Wisconsin, were of about the same age, and had always been good friends until this controversy arose. Plaintiff was an officer of the Columbia Bank at Lodi, Wisconsin, from 1907 until the bank was sold in October, 1917. In 1907, when his uncle wrote the Columbia Bank desiring to raise $15,000, plaintiff went to Lakefield to investigate the securities offered consisting of farmers' notes and mortgages. The deal was put through, and from that time on notes secured by first mortgages on farms in Minnesota were disposed of to the Columbia Bank by or through the defendant. Generally such mortgages were entered upon defendant's books. In 1915 James C. Caldwell organized The Northwestern Rural Credit Association, a corporation, to take, negotiate and deal in farm loans and mortgages. James C. Caldwell was its president and Emil C. Anderson, the cashier of defendant, its vice president. The credit association occupied a room in rear of the banking room, and used the latter's vault.

After plaintiff had severed his connection with the Columbia Bank, James C. Caldwell wrote him suggesting buying for his personal use good second mortgages bearing 8 per cent interest. Plaintiff invested in some such mortgages. Interest on these was sent to him by drafts of defendant. On March 5, 1919, one of the mortgages so procured, given by one Detert, was paid in full, and defendant remitted $88 by draft to plaintiff at his then abode, White Rock, South Dakota. The balance of $3,152 was invested in a note and mortgage of $3,000 given by Henry Hoeper and wife on a 160-acre farm in Watonwan county, Minnesota, to the Northwestern Rural Credit Association. This note and mortgage with the said draft of $88 came to plaintiff in a letter dated March 6, 1919, signed by "J. C. Caldwell, president," saying: "We note you may be in a position to buy some good second mortgages, so, we take the liberty

to enclose you one that we consider choice. I examined this farm carefully when we negotiated the first mortgage of $8,000. &ast; &ast; &ast; We believe you can do no better than take this mortgage, however, if you do not want it please return it to us; no harm done. &ast; &ast; &ast; As soon as we hear from you we will have the assignment of the mortgage recorded and forward the balance of the papers to you. &ast; &ast; &ast;." The assignment from the mortgagee to plaintiff had been executed March 5, 1919. It appears that on July 15, 1918, when Henry Hoeper gave this mortgage for $3,000 to the credit association, he also gave a mortgage for $4,500 to Andrew Melville. Each mortgage recited the premises to be "free from all encumbrances except as of record." There was then a mortgage of $8,000 and one of $200 of record. Neither has been paid. Emil C. Anderson sent the $4,500 and the $3,000 mortgages at the same time to the register of deeds of Watonwan county for record, with instruction to file the $4,500 first. That made the mortgage plaintiff purchased a fourth mortgage. James C. Caldwell had negotiated all the Hoeper mortgages. Melville foreclosed his mortgage, and plaintiff upon investigation determined that there was no equity in the property so that anything of value could be obtained by redeeming from the sale.

Respondent objects to a consideration of the main question in the appeal—viz, that the verdict is not supported by the evidence—for the reason that neither in the motion for a new trial nor in the assignment of errors here is the insufficiency specified. The objection is not sustained. The practice is well settled that, in order to challenge the sufficiency of the evidence to sustain a verdict on appeal, the record must show that the court below at some stage in the case considered and passed on the question. Le Mieux v. Cosgrove, 155 Minn. 353, 193 N. W. 586. In the instant case it was presented to the court below both in a motion for a directed verdict and in the motion for a new trial. It no doubt is good practice to point out to court and counsel the particulars in which the evidence is deemed deficient for a recovery or conclusive of a defense, where the motion is for a directed verdict during the trial. An inadvert-

ent omission may then, by leave of court, be supplied or rights protected. And it has been held that a motion for a directed verdict should indicate whereon it is based, and that, if some technical rule of law is relied on, it should be called to the attention of the court. Perkins v. Thorson, 50 Minn. 85, 52 N. W. 272. But in that case there was no assignment of error in this court challenging the sufficiency of the evidence.

In the case at bar the assignment of error is made, and so it was in the court below on the motion for a new trial. Furthermore, the contentions now urged both as to law and fact were clearly presented to the court below in the motion for a directed verdict, although there was no motion for judgment non obstante and consequently there is no assignment of error in this court assailing the denial of the motion for a directed verdict. We deem an assignment of error sufficient in this court and also in the court below on a motion for a new trial which simply asserts that the verdict is not supported by the evidence. As a general rule, to be more specific would require a lengthy and exhaustive statement, and virtually an exposition or argument.

The defense in this action was: (1) That, as a matter of law, no legal liability could be incurred by defendant for the misrepresentation of its officer because of the ultra vires of the transaction; and (2) that, as a matter of fact, J. C. Caldwell was acting for the Rural Credit Association or for himself individually and not for defendant.

The gist of the action is for misrepresentation or a tort. It is well settled that the principle of ultra vires has no application to torts committed by officers of a corporation acting within the scope or apparent scope of their duties as such. And, if it be conceded that the Federal statutes forbade national banks to traffic in real estate mortgages at the time of the transaction in question, it would be no defense in this action based upon misrepresentations in inducing plaintiff to accept this mortgage, provided there be evidence justifying him in the belief that he was dealing with defendant. First Nat. Bank of Carlisle v. Graham, 100 U. S. 699, 25 L. ed.

750; Smith v. First Nat. Bank (C. C. A.) 268 F. 780; Brandenburg v. First Nat. Bank, 48 N. Dak. 176, 183 N. W. 643; Anderson v. First Nat. Bank, 5 N. Dak. 451, 67 N. W. 821; (Id. 6 N. Dak. 497, 72 N. W. 916, affirmed in 172 U. S. 573, 19 Sup. Ct. 284, 43 L. ed. 558).

That the mortgage was represented to plaintiff as a second mortgage, that it was in fact a fourth mortgage, and that plaintiff relied on the representation, are not disputed. But the main question is the sufficiency of the evidence to justify the jury in finding that J. C. Caldwell and Emil C. Anderson acted for defendant in dealing with plaintiff so that it is responsible for the misrepresentation. The dealings of plaintiff for this and prior mortgages, both for the Columbia Bank and himself, were entirely by correspondence. The letters plaintiff received were upon defendant's letterheads naming its officers and directors and signed either by "J. C. Caldwell, president," or by "Emil C. Anderson, cashier." Anderson was not cashier but vice president of the credit association. The original transaction of $15,000 was apparently for the immediate benefit of defendant. No letter was received by plaintiff prior to the time he discovered the misrepresentation intimating that either James C. Caldwell or Anderson was acting for anyone else in the deal than defendant. They had in their hands and under their control the money of plaintiff paid by Detert, they in their correspondence indicated that they so had it in hand as officers of defendant. It seems to us that the jury could find that plaintiff had a right to believe that he was dealing with defendant. Caldwell denies any intent to misrepresent. Absence of intent would not be and is not urged as a defense. On the whole, we deem the evidence in this case makes a much stronger support for the verdict in placing liability on the bank for the acts of its officers, done within the scope of their apparent authority, than that which was deemed sufficient for a recovery in Picha v. Central Metropolitan Bank, 161 Minn. 211, 219, 201 N. W. 315, and 203 N. W. 617.

Error is assigned on the ruling permitting the witness Eppland to give an opinion as to the value of the mortgage at the time it

was transferred to plaintiff. The witness' qualification to give an opinion as to value was largely discretionary with the trial court, and it cannot be said that there was an abuse of discretion. The witness had had considerable experience with farm loans, was connected with a bank, was acquainted with the makers of the note and mortgage, and had resided more than 5 years in St. James, about 9 miles from the Hoeper farm, which he knew. We find no reversible error in the reception of letters passing between the parties. The ones written by plaintiff after controversy were not admitted, except the words in which he demanded that defendant take back the Hoeper mortgage and repay the money invested therein. The other errors assigned relate to the charge. The recital of the charge, as to the party receiving the money from Detert and how that money was invested in the Hoeper mortgage, may not have been quite accurate or full; but it is not easy to see how that recital could have helped or harmed either party. If it be a misstatement that the cashier of defendant informed James C. Caldwell that the Hoeper mortgage was a second mortgage when plaintiff's money was applied towards its purchase, it was quite immaterial. The last assignment of error assails a sentence in the charge which leaves it rather blind whether the court intended to say to the jury that it was necessary for those who dealt with plaintiff to disclose whether they acted for the bank or the credit company, or that that was a matter for the jury to take into account. If the sentence was susceptible of misconstruction, attention should have been called thereto before the jury retired. But, that aside, we fail to see how defendant was thereby prejudiced.

It was contended in the oral argument that the damages were excessive. But neither in the motion for a new trial nor in the assignment of errors here was the verdict attacked as excessive. The measure of damages given by the court is not questioned. Plaintiff's testimony alone, not to mention that of Eppland to the effect that a fourth mortgage on this farm had no value, would authorize the jury to find some damages, and it might well be urged on this record that, since as soon as plaintiff discovered the fraud he tend-

ered the mortgage back to defendant and demanded a return of his money, his damages were measured by the amount of that money. The order is affirmed.