# STATE BANK OF FLORENCE v. LYON COUNTY NATIONAL BANK.[1]

February 4, 1927.

No. 25,817.

**Plaintiff bank not bound by guaranty, in its name, of its officer's notes.**
    In this action between two banks, it appears that defendant took over two of his personal notes from an officer of plaintiff. The transaction was for the personal benefit of the maker of the notes, a fact defendant knew or should have known. The circumstances were such as to put it upon inquiry. *Held*, that plaintiff is not bound by a guaranty of the notes, in its name, by its officer, the maker who negotiated them for his personal benefit.

Banks and Banking, 7 C. J. p. 528 n. 56; p. 552 n. 84.

Defendant appealed from an order of the district court for Lyon county, Enersen, J., denying its motion for a new trial. Affirmed.
*A. R. English*, for appellant.
*J. V. Williams* and *A. L. Bromen*, for respondent.

STONE, J.
In this action between two banks, after trial to the court and a decision for plaintiff, defendant appeals from the order denying its motion for amended findings or a new trial. The action rests upon a contract for mutual rediscounts, each bank to "stand back" of items transferred by it to the other. The contract controlled the relations between the banks for a number of years beginning in 1916. Each bank had excess lines and was in the habit of rediscounting with the other the promissory notes of its customers. Normally, if a rediscounted note was not paid, it was taken up by the payee bank, which had guaranteed it under the contract.

The decision is for plaintiff upon two of such notes. Defendant is not now questioning its liability thereon but does predicate error

[1]Reported in 212 N. W. 177.

upon the refusal of the trial court to allow it an offset upon two others held by it. That brings us to the only issue. During all of the times in question Mr. A. E. Green was either president or cashier of plaintiff. The original contract was made between Green, acting for plaintiff, and a Mr. Neill, cashier of defendant. It provided for the exchange and guaranty of paper as already indicated, but also contemplated the accommodation by each bank of the officials of the other. As Mr. Neill put it: "I made the statement that the examiners have been objecting to officers of the bank carrying paper in their own bank" and he asked if plaintiff would "carry my note in case I wanted it, and he (Green) said  *  *  *  he would like to carry me in the same way that we were carrying him."

In May, 1917, defendant took over from plaintiff, acting through Mr. Green himself as cashier, his individual note for $3,200. Defendant transmitted the proceeds to plaintiff, which in turn credited them to Green's individual account. The indebtedness evidenced by that note has been reduced and a renewal for the reduced amount is now held by defendant. May 15, 1918, there was transmitted through plaintiff to defendant another note of Mr. Green's for $1,700. The letter of transmittal was signed by Mr. Larson, plaintiff's then cashier and said it was sent "per Green letter." The letter so referred to is not in evidence. A renewal of that note is the other note now held by defendant. Plaintiff has refused to be bound by any guaranty of either note, its position being that both notes and their transfers to defendant were the individual transactions of Mr. Green and that he could not bind plaintiff by a guaranty of them.

That defense was upheld by the decision below and we find nothing in the record warranting us in disturbing it. There is no evidence that plaintiff's directors ever authorized the guaranty of the Green notes or even knew, until long afterwards, that defendant held them claiming that they had been guaranteed by plaintiff. There is nothing to demand a finding that the notes were first discounted by plaintiff and then rediscounted with defendant. The proof is rather that neither was ever the property of plaintiff. The

evidence does indicate that Mr. Larson knew of the discount by defendant of the $1,700 Green note. A finding of more original knowledge than that on the part of any of plaintiff's officers is not compelled by the evidence. The whole record justifies rather the opinion that defendant knew or should have known that Green was dealing for himself in procuring the discount of his own notes. In that situation the law is as declared in Ft. Dearborn Nat. Bank of Chicago v. Seymour, 71 Minn. 81, 73 N. W. 724 (s. c. 75 Minn. 100, 77 N. W. 543), and to the effect that an officer of a bank has no power to bind it by a guaranty of his own paper when it is discounted for his own purposes. 7 C. J. 552. Such a guaranty would be for accommodation and so ultra vires the corporation.

It matters not that defendant in each case gave plaintiff credit for or remitted the proceeds of the Green notes to it. That imposed upon plaintiff no obligation on the notes. It could not operate to bind it by the unauthorized guaranty attempted by Green. To hold otherwise would enable an officer to bind his bank by an accommodation guaranty of his own paper—an act ultra vires the bank. The simple device would be, as it was in this case, to use the bank's name in transmitting the paper for rediscount and direct that the proceeds be transmitted to it, where they would immediately go to the credit and serve the purpose of the delinquent officer. Under the circumstances of this case defendant very properly has been charged with notice that Green was acting for himself and could not bind plaintiff.

In September, 1921, plaintiff took from Mr. Green and his wife a mortgage on certain real estate purporting to secure an aggregate indebtedness of $6,800, evidenced by six notes, all but one held by others than plaintiff itself. Two of them are the notes upon which defendant claims. They are referred to as "now being carried by" the defendant. This mortgage was taken as security for all the indebtedness referred to. It is quite apparent that plaintiff in taking the mortgage was attempting to procure security, not only for itself but for all the other creditors interested. Whatever weight a trier of fact might attach to that mortgage as an admission against interest, there is nothing about it which compels the conclusion,

which defendant argues should have been adopted below, that the taking of it amounted to a ratification by plaintiff of the guaranty of the Green notes.

Order affirmed.