ETTA RASMUSSEN v. A. G. FORBES AND OTHERS.[1]

November 22, 1929.

No. 27,494.

[1]Reported in 227 N. W. 659.

*P. M. Meehl, Hall & Catlin* and *J. V. Williams,* for appellant.
*Murphy & Johanson* and *Charles L. DeReu,* for respondent.

TAYLOR, C.

Defendant Forbes was the president and active in the management of defendant Lyon County National Bank during the transactions involved herein. Defendant Marshall State Bank was not concerned in those transactions and has been eliminated from the case, and the term bank when used hereinafter will designate defendant Lyon County National Bank. The action is upon a promissory note made by Forbes to the bank and bearing upon its back an indorsement to plaintiff and a guaranty of payment executed in the name of the bank by Forbes as president. Forbes admitted liability on the note, but the bank denied liability. The trial resulted in a verdict for plaintiff, and the bank appealed from an order denying its motion for judgment or for a new trial.

As the bank contends that the verdict is not sustained by the evidence, a brief outline of the facts is necessary. Plaintiff carried a checking account in the bank, and for several years prior to 1921 had held certificates of deposit issued by the bank. In 1921 she informed Forbes, the president, that she wanted a higher rate of interest than the certificates of deposit bore. On July 16, 1921, she took certificates of deposit aggregating something over $3,600 to the bank and had an interview with Forbes. What occurred at this interview forms the basis of the present controversy. As the jury have found in plaintiff's favor we must take her version of the transaction. She states:

"I wanted to know if the Lyon County National Bank would pay me a greater rate of interest than they had been paying, and that if they would not do that, that I would place my money elsewhere. And Mr. Forbes said, 'We don't want to lose that business, and the bank will pay you this rate of interest, eight per cent.'"

Forbes then filled out a note on a blank form for the amount of the certificates payable to the bank six months after date, which he signed himself as maker, and then indorsed on the back of it a guaranty of payment, to which he affixed the signature of the bank by himself as president. He took the certificates of deposit which she had indorsed and gave her the note. When it became due she presented it at the bank and received in place of it a renewal note executed in the same manner. The notes were renewed in the same manner about every six months, the last renewal, dated November 25, 1925, being the note on which suit is brought. As the notes became due she presented them at the window of the bank, usually to the assistant cashier, who computed the amount due and after asking Forbes for instructions prepared the new note for signature. At some of these times she asked that the interest and occasionally that a part of the principal be transferred to her checking account, and this was always done. At other times she asked that the interest and occasionally that additional money which she delivered at the window be included in the new note, and this was always done. In making transfers to her checking account the bank official usually made a deposit slip for the amount, and it was then credited to her account in the usual manner.

Forbes in fact turned over to the bank as his property the certificates of deposit surrendered by plaintiff and caused the amount thereof to be credited to his personal account. When the bank made payments to plaintiff or transfers to her checking account, it charged the amounts thereof to Forbes' account, and on one or two occasions Forbes gave his check for such amounts. But plaintiff testifies that she had no knowledge of these facts, and that at all times she understood and believed she was dealing directly with the bank and had simply exchanged the certificates of deposit for the notes of the bank, and that the notes were executed in the manner stated merely because the bank preferred to put its obligation in that form.

The bank contends that plaintiff loaned her money to Forbes; that the bank received none of the proceeds of the notes; and that Forbes as president of the bank could not bind the bank by a guar-

anty of his own paper in which the bank had no interest. That Forbes could not bind the bank by the guaranty if the loan was made to him personally and the bank was in no way concerned therein is true. Fort Dearborn Nat. Bank v. Seymour, 71 Minn. 81, 73 N. W. 724; State Bank of Florence v. Lyon County Nat. Bank, 170 Minn. 161, 212 N. W. 177; Farmers & M. Sav. Bank v. Crookston State Bank, 169 Minn. 249, 210 N. W. 998.

But plaintiff emphatically asserts that she did not and would not make a loan to Forbes, and that the loan was made to the bank without any suggestion that it be made to or for the benefit of Forbes. The case was submitted to the jury under instructions which permitted them to find for plaintiff only in case they found that the transaction was with the bank as a bank and not with Forbes individually. The jury so found; and the evidence, previously outlined, is sufficient to sustain their verdict. Beyl v. Swanson, 165 Minn. 278, 206 N. W. 453; Engen v. Merchants & M. State Bank, 164 Minn. 293, 204 N. W. 963, 43 A. L. R. 610; Caldwell v. First Nat. Bank, 164 Minn. 401, 205 N. W. 282; Picha v. Central Met. Bank, 161 Minn. 211, 201 N. W. 315, 203 N. W. 617.

The bank also urges that there is a fatal variance between the cause of action alleged in the complaint and the cause of action proved, but does not point out any place in the record where that question was raised at the trial. When plaintiff rested the bank made a motion to dismiss the action on several grounds but made no claim of a variance between the pleading and the proof. When the evidence was completed the bank made a motion for a directed verdict but made no claim of a variance. The claim now made with nothing cited to support it cannot be considered.

The order must be and is affirmed.